No. 2199.

WILSON HAMMERS *v.* E. G. HANRICK.

1. PURCHASER—EXECUTORY CONTRACT.—Against a plaintiff suing for possession a purchaser under him on an executory contract for non payment of purchase money (the purchaser being in possession when the contract was made), the fact that the purchase was induced by the false representations of the plaintiff that he was the only heir of the former owner in whom title was vested, when in fact there were other heirs

from whom defendant purchased to protect his possession, presents a proper defense. In such a case the defendant may retain possession and defeat a recovery, except as to the interest of his vendor.

2. INJUNCTION.—After judgment in the district court and notice of appeal, an injunction to restrain further proceedings by appellant, until the determination of another suit to which appellant is not a party, will not lie.

APPEAL from Falls.    Tried below before the Hon. Eugene Williams.

This suit was brought by appellees for possession of land sold appellant's vendor under an executory contract involving annual payments.    The answer which presented the defenses referred to in the opinion, was on exceptions stricken out.

*Brady & Ring,* for appellant: That the general rule that a vendee can not deny his vendor's title, has no application whatever where the vendee is already in possession holding adversely to the vendor, when the contract for purchase is made, and when such contract of purchase is unfairly obtained.    Taylor's Landlord and Tenant, page 514; see also page 416.

That attempted sale by E. G. Hanrick of entire title to Hammers, without disclosing existence of other heirs was fraud. Cook v. Grant, 16 American Decisions, 564; Ingrams v. Morgan, 40 American Decisions, 626; Cullorn v. Branch Bank, 37 Id., 727.

That vendee connecting himself with outstanding title, is not estopped from denying title of vendor in case of fraud, Tyler v. Davis, 61 Texas, 677; Gallagher v. Bennett, 38 Texas, 295; Palmer v. Chandler, 47 Texas, 334; Copeland v. Gorman, 19 Texas, 256; Wheeler v. The State, 28 Texas, 173; Turner v. Ferguson, 58 Texas, 8; Camley v. Stanfield, 10 Texas, 552; Andrews v. Richardson, 21 Texas, 287; Littlefield v. Tinsley, 22 Texas, 259; Watkins v. Holman, 16 Peters, 54; Croxall v. Shered, 5 Wallace, 287; Kerr on Frauds, note, page 328.

Party entering possession as tenant may, in good faith, attorn to holder of paramount title, and show superiority of same. Merryman v. Bourne, 9 Wallace, 593.

In such cases tenant or vendor has right to resort to equity, and make holder of paramount title a party to the suit.    Estell v. Cole, 52 Texas, 178; Demaret v. Bennett, 29 Texas, 263.

*Goodrich & Clarkson,* for appellee: A person who obtains

possession of land under a verbal understanding to purchase, acquires no right or estate thereby, and will not be heard to dispute the validity of the title or claim under which he entered. Statute of Frauds; Lyles v. Murphy, 38 Texas, 75; Tyler v. Davis, 61 Texas, 674.

COLLARD, JUDGE. We are of the opinion the defendant's answer should not have been stricken out. The allegations are that Harvey was already in possession when he entered into the contract with plaintiff to pay for the premises, and was at the time claiming adversely to plaintiff; that defendant undertook to comply with the Harvey contract; that when the original contract was made, and when defendant assumed to perform it, the plaintiff represented to them that he was the sole heir of Edward Hanrick, deceased, and induced both of them to believe he was such heir and owned all the land; and relying upon the representations so made, the contract was executed; but that in truth plaintiff was not the sole heir of Edward Hanrick; that he was only entitled to one undivided one-third of the land, the other heirs being the owners of the other two-thirds. It was also alleged that as soon as defendant ascertained the facts he bought in the outstanding title.

If this should prove to be defendant's case, he could not be dispossessed by the plaintiff. The representations of plaintiff that he was the sole heir of the owner (deceased) were such as Harvey and Hammers might well rely upon. The proof of inheritance existed in parol, and Hammers could have rested implicitly upon the assurances of plaintiff that the whole inheritance was his. If these representations were afterwards found to be false, the defendant could have resisted the payment of the price agreed on; he could have acknowledged the title of the other joint owners, or he could have bought in the outstanding title, and defended his possession against the plaintiff, who sued merely to dispossess him. He was not sued for the price but for the possession, upon the assumption that he had abandoned his contract—refused to perform it—and had thereby forfeited his right to the possession. Plaintiff is not in the position of one who, acting in good faith, agrees to convey land, and upon failure of performance on the part of his vendee, or upon abandonment of the contract by the vendee, sues for the recovery of the premises. In such case, the vendee can not dispute his vendor's title. He would be estopped from so doing as an ordinary

lessee would be estopped to plead an outstanding title against his lessor. In the case at bar the defendant, by the averments of his answer, places himself clearly within the exceptions to the rule, "that a tenant can not be heard to dispute his landlord's title." He says there were false representations made to him which he relied upon, inducing him to assume the contract, that there was an outstanding title of which he was ignorant at the time the contract was made, which he has bought in. The lessee is not estopped to deny the lessor's title when there is fraud, ignorance or mistake.

The plaintiff could not be heard to complain if he misrepresented the facts of his title and thereby induced the defendant to assume the contract. He can not invoke estoppel against the defendant in a transaction obtained by his own fraud. The allegations of the answer put him in that attitude before the court, and in such case he will not be allowed to insist upon estoppel. He has by his own fraud given the defendant the right to dispute his title, and resist his suit for possession. (Tyler v. Davis, 61 Texas, 674; Turner v. Furgerson, 58 Texas, 9; Rodgers v. Daily, 46 Texas, 583; Bigelow on Estoppel, 399; et seq.) The answer shows that defendant is a tenant in common with the plaintiff, with the right to maintain his possession against the plaintiff on account of his fraudulent representations and acts; such being the case it was error to strike out the answer. It was certainly a good defense if proved to defeat a recovery by plaintiff of more than his part of the land inherited from Edward Hanrick, deceased.

The defendant asked for an injunction to stay the proceedings until the suit between plaintiff and the other heirs of Edward Hanrick, then pending for partition, should be decided and the land partitioned, and if the land in suit should, in the partition, be allotted to the other heirs, that plaintiff be perpetually enjoined It is not made to appear fully what issues are involved in that suit, and that there will necessarily be a recovery by the other heirs of the whole of the La Serda grant, not sold by plaintiff, or that there are not other lands or property inherited by the heirs of Edward Hanrick out of which the claims of the other heirs can be satisfied without interfering with the sale to defendant, nor do the facts alleged show that defendant (not being a party to that suit), would be wholly concluded by the judgment in case the other heirs recover all the land from plaintiff. So the injunction was properly refused. The proceeding for

injunction after the judgment and notice of appeal by defend-
ant was not only irregular but wholly unwarranted.    The
erroneous ruling of the court in striking out the answer of de-
fendant requires a reversal of the case, and it is reversed and
remanded for a new trial.

*Reversed and remanded.*

Opinion adopted December 2, 1887.