ANNA K. BOWMAN, APPELLEE, V. WALTER GOODRICH ET AL.,
APPELLANTS.

FILED DECEMBER 4, 1913. No. 17,389.

1. Forcible Entry and Detainer: DEFENSES: LANDLORD AND TENANT:
SALE OF PREMISES. Where land leased has been sold under a decree
in a suit to foreclose a lien for delinquent taxes, in which suit the
lessor was a party and whose rights were foreclosed by such
decree, and such sale has been duly confirmed and a deed issued
to the purchaser thereat, and the lessee, upon exhibition to him
of the sheriff's deed, in order to avoid eviction by the then owner
of the paramount title, in good faith attorns to him, such action
on his part may be interposed as a defense to an action by his
lessor to recover possession.

2. Justice of the Peace: JURISDICTION: TITLE TO REALTY. And when
such facts are made to appear in an action pending before a
justice of the peace, the title to the real estate is drawn in
controversy and it is the duty of the justice to refuse to proceed
further.

3. ———: ———: ———: APPEAL: DISMISSAL. And if the justice
wrongfully holds jurisdiction and enters judgment awarding
plaintiff possession of the land, it is the duty of the district court
on appeal, when such facts are made to appear in that court, to
dismiss the action for want of jurisdiction.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Reversed and dismissed.*

*Leavitt & Hotz,* for appellants.

*Weaver & Giller, George W. Shields* and *John Q. Burg-
ner, contra.*

FAWCETT, J.

This is an action of forcible entry and detainer, com-
menced in a justice court of Douglas county, to recover
possession of a portion of lot 7, block 93, in the city of
Omaha, known as 914 Dodge street. From a judgment in
plaintiff's favor in justice court, defendants appealed to

the district court, where plaintiff again recovered, and the case is here for review.

The complaint is in the usual form and is based upon an oral lease which it is alleged was terminated by reason of nonpayment of rent about November 1, 1909. The answer challenged the jurisdiction of the court over the subject matter of the action, for the reason that the title to the real estate in controversy was necessarily involved and drawn in question. The trial court by its rulings in the course of the trial adhered strictly to the rule that a tenant cannot dispute the title of his landlord, and excluded evidence offered by defendants to show that, subsequently to their entry under the oral lease of plaintiff, a purchaser under a sale in a suit to foreclose a lien for delinquent taxes on the property in controversy, in which suit the plaintiff here was a defendant and whose rights were foreclosed by that decree, exhibited to them the sheriff's deed and served them with a "notice to quit;" and also refused to permit defendant to show that after the service of this notice they recognized such purchaser as their landlord, and thereafter paid rent to him. This raises the controlling question in the case. That is to say, could defendants, in order to avoid eviction by the owner of the paramount title under the sheriff's deed, attorn to him and use such action on his part as a defense to plaintiff's action to recover possession? We think this question must be answered in the affirmative.

The plaintiff's testimony shows that defendants went into possession in September, 1909, under an oral lease; that they paid one month's rent to October 10, 1909, and no more; that on November 11 she served the notice to quit and this action followed. The evidence offered by defendants, a part of which was at first received and then excluded by the court, shows the tax foreclosure proceedings, the regularity of which is not questioned, shows that the sheriff's deed to Henry W. Pennock was acknowledged October 27, 1909, and recorded the same day. The testimony of one of the defendants was that on October 29 the

agent of Mr. Pennock exhibited this deed to him and on the same day served him with notice to quit. As already stated, he was not permitted to testify as to what he did subsequently to receiving the notice. We are unable to agree to the position taken by the learned district court. As soon as the above facts were made to appear, the question of title was drawn in controversy and it became the duty of the justice to refuse to proceed further. The justice having failed to take this course, the district court, on appeal, should have dismissed the action for want of jurisdiction. Our statute is plain and explicit that where the title to real estate is drawn in question a justice of the peace is without jurisdiction. Code, sec. 907. This holding is well sustained by authority. *Teich v. Arms,* 5 Cal. App. 475; *Simers v. Saltus,* 3 Denio (N. Y.) 214; *Corrigan v. City of Chicago,* 144 Ill. 537.

It follows from what has been said that the district court erred in the rulings complained of. The judgment is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.

BARNES, LETTON and ROSE, JJ., not sitting.