## GRAY v. WHITLA.

No. 9439—Opinion Filed July 30, 1918.

(174 Pac. 239.)

**1. Landlord and Tenant—Estoppel to Deny Landlord's Title—Fraudulent Representations.**

Fraudulent representations by the landlord as to his ownership of the premises preclude him from relying on the estoppel of defendant to deny his title.

**2. Landlord and Tenant—Ouster—Surrender of Possession to One Having Paramount Title.**

Where a lessee, to prevent being actually expelled from the demised premises, yields the possession thereof and attorns, in good faith, to one having a paramount title to his

lessor, and a right to immediate possession, it is equivalent to an actual ouster.

(Syllabus by Hooker, C.)

Error from District Court, Dewey County; T. P. Clay, Judge.

Action of forcible detainer by J. B. Gray against W. A. Whitla. Judgment of the district court on appeal from the judgment of a justice court, for defendant, and plaintiff brings error. Affirmed.

Milton Clark, for plaintiff in error.

W. P. Hickok, for defendant in error.

Opinion by HOOKER, C. This action of forcible detainer was commenced in the justice court of Dewey county, and an appeal taken from the judgment of that court to the district court where trial was had, and judgment rendered against the plaintiff in error, to reverse which an appeal is ·had here. Upon the trial in the district court the court made findings of fact and conclusions of law, the substantial part of which is as follows:

"(1) That plaintiff in error was in possession of the premises in controversy, and had been in possession of same for about two years when he leased the same to the defendant in error on the 1st day of May, 1916, for a period of four months at an agreed price of $4 per month.

"(2) That the estate of plaintiff in error's father claimed to be the owner of the house, and that plaintiff in error was placed in possession of the premises by the administrator of said estate.

"(3) That plaintiff in error himself was claiming an interest in the house as an heir of his father.

"(4) That one Alvin T. Gray was the owner of the premises, and held the legal title thereto under a warranty deed.

"(5) That neither plaintiff in error nor the administrator of his father's estate had any authority from the owner of said premises to enter upon the premises or to lease the same or to collect the rentals thereon.

"(6) That the defendant in error went into possession of the premises in controversy under his rental contract with plaintiff in error, and paid the rentals thereon for the full period of four months to plaintiff in error, and thereafter attorned to the said Alvin T. Gray without surrendering possession of the premises, but while still occupying same, and subsequently paid the rent thereof to the said Alvin T. Gray.

"(7) That after taking possession of the premises under his rent contract with plaintiff in error, defendant in error was informed that plaintiff in error had no authority to lease said premises.

"(8) That after taking possession of the premises under his rent contract with plaintiff in error, defendant in error discovered that the title to the premises was in Alvin T. Gray.

"(9) That defendant in error would not have rented the premises from plaintiff in error had he (defendant in error) known the true facts as to plaintiff in error's authority over said premises.

"(10) That the representations of plaintiff in error, made to defendant in error in leasing said premises to defendant in error, amounted to fraud on the rights of defendant in error by plaintiff in error.

"(11) That defendant in error, in order to avoid a double liability and eviction by the true owner from the premises, paid the rent to Alvin T. Gray after September 1, 1916."

It is asserted by the plaintiff in error that the trial court erred in the conclusions of law drawn from the facts as found by him to exist; for that under the law as well established in this jurisdiction a tenant is estopped to dispute the title of his landlord, and that under the facts as found by the trial court the tenant in this case is not relieved from the operation of estoppel. Many authorities are cited by the plaintiff in error to the effect that the tenant cannot deny the title of his landlord. This is the general rule, and the same is well established by the authorities of this jurisdiction, but there are many exceptions and qualifications to the rule which are of as much importance as the rule itself, and must be observed in the administration of justice between the landlord and the tenant. In the findings of fact as made by the trial court the court found that the representations of the plaintiff in error, made to the defendant in error in leasing said premises to the defendant in error, amounted to fraud on the rights of the defendant in error by plaintiff in error. It has been held that "fraudulent representations by the landlord as to his ownership of the premises preclude him from relying on the estoppel of the tenant to deny his title," citing Gleim v. Rise, 6 Watts (Pa ) p. 44; Hammers v. Hanrick, 69 Tex. 412, 7 S. W. 345; Ryan v. Hanrick (Tex.) 8 S. W. 282. And in 24 Cyc. 940. it is said:

"Inasmuch as the estoppel to deny title is based on an admission of title shown by the tenant in accepting or retaining possession as tenant, it follows that if the relationship of landlord and tenant was induced by fraud, duress, misrepresentation or mistake, the tenant is not estopped to deny what he would not have admitted in the absence of fraud or mistake."

See authorities cited in the note.

In 16 R. C. L. p. 658, it is said:

"The application of the principle that a tenant is estopped to deny his landlord's title is restricted to cases in which the lease has been fairly obtained, and a lease obtained through fraud and misrepresentation will not prevent the lessee from contesting the title of the lessor. This is a well-settled doctrine resting on the most satisfactory grounds. The relation of landlord and tenant arises out of contract, and this, like other contracts, is vitiated by fraud, overreaching, or imposition. Therefore if fraud is used to induce the tenant to accept the lease no estoppel arises."

See authorities cited in note.

The court in his findings of fact said:

"That the defendant in error, in order to avoid a double liability and eviction by the true owner from the premises, paid the rent to Alvin T. Gray, after September 1, 1916."

In 16 R. C. L. p. 655, the view is expressed as follows:

"And according to the better view, where a lessee, to prevent being actually expelled from the demised premises, yields the possession thereof and attorns, in good faith, to one having a paramount title to his lessor, and a right to immediate possession, it is equivalent to an actual ouster."

And in 24 Cyc. 1133, the authority says:

"However, since actual ouster is not necessary in order to constitute an eviction, if a lessee, to prevent being actually expelled from the demised premises, yields possession thereof, and attorns in good faith to one who has a title paramount to that of the lessee and his lessor, and also a right to immediate possession, this is equivalent to an actual ouster."

And in Taylor on Landlord & Tenant, vol. 2, p. 327, it is said:

"And while the tenant cannot, after a voluntary attornment to a hostile or paramount title, set this up in defense when sued by the lessor, he may, if threatened with expulsion by the holder of such title, attorn thereto, without an actual expulsion from or surrender of the premises, or take a conveyance thereof, and plead this as a constructive evidence in answer to the lessor's action."

And in 24 Cyc. 947, the author says:

"* * * A tenant may dispute the title as against the original landlord, without surrender of possession, where it has been legally extinguished or determined so that it no longer exists, or where the tenant has been actually or constructively evicted."

The evidence in this case not being before us, we are unable to say whether the trial court was justified in making these findings, but, accepting these findings as true, we are of the opinion that he has drawn the correct conclusions of law therefrom, and that the judgment in favor of the defendant in error must be affirmed.

By the Court: It is so ordered.