## HUSEMAN v. RAUCH et al.

No. 20906. Opinion Filed May 17, 1932.

Rehearing Denied Oct. 18, 1932.

A. T. Earley and Caleb Choate, for plaintiff in error.

Edward Hirsh and Leon S. Hirsh, for defendants in error.

HEFNER, J. This is an action in ejectment brought in the district court of Oklahoma county by Henry F. Huseman against L. M. Rauch and Ash Norris to recover possession of lots 11 and 12, block 22, University addition to the city of Oklahoma City.

Plaintiff does not state the source of his title, but alleges that he became the owner of the lots in April or May, 1924, and was in actual possession for a long time prior thereto. Both defendants answered by a general denial, and defendant Norris also alleged that he owned the lots under and by virtue of a deed executed and delivered to him by Jessie N. Smelser, and prayed that title be quieted in him. At the conclusion of the evidence, the trial court sustained the demurrer of defendants to plaintiff's evidence, and, after taking additional evidence on the allegations of defendant Norris, rendered judgment in his favor, quieting title in him to the lots in question.

Plaintiff has appealed and asserts that the court erred in sustaining the demurrer to his evidence, and erred in rendering judgment in favor of defendant Norris. In our opinion, neither of these assignments is well taken.

Plaintiff did not claim a record title to the premises, but claimed title by adverse possession. It appears from the record that he went into constructive possession sometime in the year 1910, and paid the taxes for that year, but paid no taxes thereafter. His brother, Fred Huseman, was at that time the owner of the lots. Plaintiff did not claim title from his brother, and, under his testimony, did not claim to be holding possession adversely, nor in hostility, to the title of his brother, but was simply holding possession with his permission and consent. Plaintiff at no time resided on the lots.

The premises were sold for taxes at a resale in January, 1924, and were purchased by A. P. Smelser, who thereafter, under oral contract with plaintiff, agreed to sell the lots to him for consideration of $200, and agreed to execute a quitclaim deed upon payment of the agreed purchase price. Plaintiff paid the sum of $87 on the contract price, but failed and refused to pay the balance, and has never made any other or further payment. At the time this contract was entered into, the record title was still in plaintiff's brother, Fred Huseman.

After failure to collect the balance due from plaintiff, Smelser, in the name of his wife, Jessie N. Smelser, procured a deed to the premises from Fred Huseman. Mrs. Smelser thereafter, and on December 21, 1928, conveyed the premises to defendant Norris. Plaintiff claimed to be in possession

of the premises during the entire time. He fenced, cultivated, and made other improvements thereon. Norris, over the protest of plaintiff, took actual possession of the lots under his deed from Mrs. Smelser.

We think the evidence insufficient to sustain title in plaintiff by adverse possession. There is no showing that he was holding or claiming title adversely to his brother, nor did he acquire title by prescription under his oral contract with Smelser. He was not in possession under that contract for a period of 15 years prior to the bringing of the action, nor was he claiming title adversely to Smelser. His possession, up to that time, was not adverse to his brother, who was the true owner, and such possession was not sufficient to ripen into title by prescripfion.

In Wade v. Crouch & Edwards, 14 Okla. 593, 78 P. 91, the following rule is announced:

"A possession, to be adverse, must be open, visible, continuous, and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants."

See, also, Honeyman v. Andrew, 124 Okla. 18, 253 P. 489; Thomas v. Morgan, 113 Okla. 212, 240 P. 735.

Plaintiff further contends that defendant Norris' deed is void because he deraigned his title through a conveyance from Fred Huseman, and that the deed from Fred Huseman to Smelser is champertous and void under section 1679, C. O. S. 1921. This deed is not champertous for the reason that plaintiff's possession was not adverse to Fred Huseman, and, even though he had not been in possession of the premises nor received the rents and profits therefrom for a period of more than one year prior to his conveyance to Smelser, such conveyance is not champertous because plaintiff, at the time the conveyance was made, was not holding adversely to Fred Huseman. For the champerty statute to apply to a conveyance by a party out of possession, the one in possession must hold adverse possession. Houston v. Scott, 20 Okla. 142, 94 P. 512; Martin v. Cox, 31 Okla. 543, 112 P. 511.

Plaintiff also claims the right to recover the value of the improvements he placed on the lots in question. If he be entitled to compensation for such improvements, he has a remedy in a proceeding under the Oc-cupying Claimants Act, section 472, C. O. S. 1921; Wolcott v. Smith, 33 Okla. 249, 124 P. 970.

Plaintiff has failed to show title in himself, and the evidence is sufficient to show title in defendant Norris.

The judgment is affirmed.

RILEY, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON and ANDREWS, JJ., absent.

Note.—See under (1) annotation in 15 L. R. A. (N. S.) 1202; 1 R. C. L. 700 et seq.; R. C. L. Perm. Supp. pp. 189, 190; R. C. L. Pocket Part, title Adverse Possession, § 14. (2) 5 R. C. L. 280 et seq.; R. C. L. Perm. Supp. p. 1351.