FERNOW et al. v. PFILE.

No. 32520. March 11, 1947.

*178 P. 2d 106.*

W. D. Calkins, of Enid, and Williams & Benedum, of Norman, for plaintiffs in error.

John E. Luttrell and John M. Luttrell, both of Norman, for defendant in error.

PER CURIAM. This is an action in ejectment brought by Charles Pfile against John Fernow, D. O. Snook and Marie F. Leith to recover possession of five acres of land.

Plaintiff in his petition deraigned title from sovereignty down to date and alleged that his immediate grantor was J. L. Morgan, who acquired title by sheriff's deed on November 9, 1927, at execution sale held to satisfy a judgment rendered against one Rosa Vlasak.

Defendants in their answer claimed title by adverse possession, and also pleaded laches. Defendant Snook claimed title under lease executed by Fernow and defendant Leith claimed a lien against the premises under mortgage executed by Fernow.

The trial was to the court and resulted in a judgment in favor of plaintiff awarding him possession of the premises. The judgment also cancels defendant Snook's lease and defendant Leith's mortgage and quiets title in and to the premises in plaintiff.

Defendants Fernow and Leith appeal and assert that the judgment is contrary to law and is not sustained by the evidence. Defendant Snook did not appeal.

The record discloses that plaintiff claims title under warranty deed obtained from Morgan on the 6th day of August, 1930, and that Morgan acquired his title by sheriff's deed and immediately placed the same of record.

The land was unimproved except that it was fenced in on all sides. The evidence shows that on the date of the execution sale Clyde Wright was in possession of and farming the land as the tenant of Mrs. Vlasak; that Mr. Wright was present at the time the premises were sold on execution; that in a few days thereafter he entered into an oral agreement with G. D. Graves, agent of Morgan, whereby he rented the land for the year 1928 and held over under the agreement for the year 1929. He paid the rent agreed upon to Mr. Morgan for the year 1928 but failed to pay the rent for the year 1929. He kept possession and farmed the land during that year as the tenant of Morgan. Graves paid the taxes as the agent of Morgan for the years 1927, 1928, and

1929: The evidence further shows that Morgan, upon acquiring his sheriff's deed, went into immediate possession of the premises through his tenant, Wright, and remained in possession until August 6, 1930, at which time he sold and conveyed the premises to the plaintiff. The evidence further shows that defendant Fernow, on June 6, 1930, and before plaintiff obtained his deed from Morgan, obtained a deed to the premises from Mrs. Vlasak, who was the record owner at the time of the execution sale. Mr. Morgan, however, at that time had his deed of record and Fernow does not claim to be an innocent purchaser; neither does he claim that he acquired by virtue of his deed title paramount to the title of Morgan. He claims to have held possession adversely to plaintiff for a period of more than 15 years and for a sufficient length of time to have acquired title by adverse possession. In order to sustain this contention he relies on the following facts: That after having obtained the deed from Mrs. Vlasak, and on June 14, 1930, he entered into a rental contract whereby he rented the premises to Clyde Wright, who, the evidence shows, was then in possession and farming the land as the tenant of Morgan. Wright, however, attorned to him and paid him rent on the premises until 1938, when he abandoned the premises. Fernow then and on April 14, 1938, leased the land to Snook, who paid him the rent and farmed the land up to the time this action was commenced, July 7, 1944. Defendant Fernow claims to have obtained adverse possession of the premises on June 14, 1930, the date on which he entered into the lease contract with Wright. Plaintiff contends that Fernow did not gain the status of one in adverse possession by reason of having rented to Wright; that Wright was at that time still in possession and farming the land as the tenant of Morgan and that Wright could not attorn to him without the consent of Morgan and that Fernow did not therefore obtain adverse possession of the premises until the 20th day of April, 1938, the date upon which Wright abandoned the premises and he rented to Snook. Our statutes, 41 O. S. 1941 § 13, and the authorities generally appear to sustain this contention. It is, however, immaterial in this case as to whether Fernow acquired adverse possession June 14, 1930, or April 20, 1938, as in either event he would not have held possession a sufficient length of time to have acquired title by adverse possession. This is conceded by Fernow. It is, however, contended by him that Mrs. Vlasak remained in possession of the premises after the execution sale and that she continued to hold such possession adversely to Morgan, the purchaser, at such sale until June 6, 1930, when she conveyed the same to him, and that her possession should be tacked on to his possession for the purpose of calculating the time necessary to acquire title by adverse possession. The answer to this contention is that the evidence does not sustain the contention that Mrs. Vlasak held adverse possession after the date of the execution sale.

Possession, to be adverse, must be open, notorious, hostile, exclusive, continuous, under claim of ownership and in order to ripen into title must be uninterrupted for the full statutory period of 15 years. 12 O. S. 1941 § 93, subd. 4; Anderson v. Francis, 177 Okla. 47, 57 P. 2d 619; Huseman v. Rauch, 159 Okla. 296, 15 P. 2d 60. Defendant did not offer any evidence tending to show that Mrs. Vlasak at any time after the execution sale claimed title to or possession of the premises other than on June 6, 1930, when she conveyed the premises to defendant Fernow. She at no time made any effort to rent the premises or to collect the rents or pay the taxes and in no manner exercised or attempted to exercise any control or dominion over the premises. There is no evidence in the record from which the conclusion can be drawn that she claimed ownership or claimed to be in the possession of the premises or that she held possession in hostility to the title and claim of Morgan.

Counsel for defendant Fernow, how-

310

ever, contend that Clyde Wright, who was the tenant of Mrs. Vlasak and in possession and farming the land on the date of the execution sale, remained in possession as her tenant and that she therefore was in possession on the date she conveyed to Fernow. While it is true that Wright was in possession on the date of the execution sale and that he remained in possession thereafter, he did not remain in possession as the tenant of Mrs. Vlasak but as the tenant of Morgan. The record shows that immediately after the execution sale Wright entered into a rental contract with Graves as Morgan's agent, and that he held possession under such contract. Since Mr. Morgan acquired his title at execution sale and was then entitled to immediate possession of the premises and since his title is not assailed and it is conceded that he had the paramount title, he had a legal right to rent to Wright, the tenant in possession.

It is generally held that a tenant may attorn to the purchaser of his landlord's interest at execution sale. 35 C. J. p. 1248, § 608; 10 R. C. L. p. 655, § 142; Sumpter v. Hot Springs Sav. Co., 190 Ark. 91, 216 S. W. 311; Bowman v. Goodrich, 94 Neb. 696, 144 N. W. 240; Hartzog v. Seeger Coal Co. (Tex. Civ. App.) 163 S. W. 1055. In the case of Gray v. Whitla, 70 Okla. 288, 174 P. 239, we held:

"Where a lessee, to prevent being actually expelled from the demised premises, yields the possession thereof and attorns, in good faith, to one having a paramount title to his lessor, and a right to immediate possession, it is equivalent to an actual ouster."

Applying the above principles of law to the evidence, we think it sufficient to justify the conclusion that Morgan was in possession through his tenant Wright at the time Mrs. Vlasak conveyed the premises to defendant Fernow.

The doctrine of laches is discussed by counsel in their brief. This doctrine has no application under the evidence in this case. In the case of Phelan v. Roberts, 182 Okla. 202, 77 P. 2d 9, we held:

"The question of whether a claim is barred by laches must be determined by the facts and circumstances in each case and according to right and justice. Laches, in legal significance, is not merely delay, but delay that works a disadvantage to another and causes change of condition or relation during the period of delay."

The evidence wholly fails to show that defendant Fernow in any way suffered any disadvantage by reason of the delay in bringing the suit or that he in any manner changed his position by reason thereof. The defense of laches must therefore fail. The evidence amply supports the judgment.

Affirmed.

