PAVLOVITCH v. WOMMACK.

No. 34195.    March 11, 1952.

*241 P. 2d 1119.*

Holmes H. Colbert, R. B. Drake, and Geo. M. Nicholson, Oklahoma City, for plaintiff in error.

C. H. Jameson and Don Barnes, Sulphur, for defendant in error.

ARNOLD, C. J. Plaintiff in error brought this suit in the district court of Murray county seeking to enjoin defendant in error from cutting a window into a party wall. Defendant in error cross-petitioned asking that his title to the wall and the ground upon which it rested be quieted. From a judgment in favor of the defendant and cross-petitioner, plaintiff brings this appeal.

The wall involved in this controversy is the east wall of a brick building situated on the west 50 feet of lot 6, block 183, Sulphur, Oklahoma.

Lot 6 in the city of Sulphur has a frontage of 100 feet. The west 75 feet thereof was originally patented to one George W. Sullivan. In 1910 a brick building was built on the east 25 feet of the west 50 feet of said lot by a man called at various times in the testimony by the names of "Croft", "Crawford", and "Gus Frozzard". This building was so constructed that the east wall thereof, which was 18 inches wide, was exactly on the line dividing the west 25 feet of the east half of lot 6 from the east 25 feet of the west half of lot 6, 9 inches of said wall being on the west 25 feet of the east half of said lot and the other 9 inches being on the east 25 feet of the west half. This wall is so constructed on its eastern aspect as to afford support to I-beams of an adjoining building if and when it should be built.

The testimony is clear that at the time this building was built George Sullivan, the original patentee of the whole property involved, owned the west 25 feet of the east half of said lot, but it is not clear who owned the east 25 feet of the west half upon which the building is situated; there is some testimony that Sullivan still owned the whole west 75 feet of lot 6 at the time of the erection of the building, and there is also testimony that Sullivan paid for a part of this east wall here in controversy under contract with "Frozzard" who built the building; however, the parties in their briefs take the position by inference that Sullivan did not own the east 25 feet of the west half of said lot at the time the building was built thereon. The title is not deraigned and the testimony is very vague upon this point.

On July 22, 1920, George W. Sullivan, Minnie Hilton, and Loma Ruth Hilton conveyed the west half of the east half of lot 6 to Golden Rule Lodge No. 353, I. O. O. F.: on February 11, 1925, the Odd Fellows Lodge conveyed this 25 feet of said lot to M. J. Pavlovitch, plaintiff in error herein, and D. W. Mitchell.

All that is shown in the testimony as to the ownership of the east 25 feet of the west half of said lot, upon which the building is situated, is that one J. D. Ramsey bought the west half of lot 6 in the early 1920's; that one Burleson owned the building before Ramsey, and a man named "Cosart" owned it at some time, but the dates of their ownership do not appear. In 1945 defendant Ross B. Wommack purchased the west half of lot 6 with its appurtenances and improvements from the Defords, who were heirs of J. D. Ramsey; in 1947 he began cutting an opening in the east wall of said building for the purpose of installing a window therein and plaintiff commenced this action for an injunction on the theory that this wall is a party wall which defendant may not lawfully cut without plaintiff's consent. Defendant claimed title to the entire wall and the 9 inches of plaintiff's lot upon which it rested by prescription and filed his cross-petition to plaintiff's petition so alleging and asking that his title to said wall and the ground upon which it rested be quieted.

Trial was to the court without a jury and resulted in a judgment for defendant quieting his title to the entire east wall of his building and to the 9 inches of ground on which the wall rests. From this judgment and order denying motion for new trial, plaintiff appeals.

Plaintiff urges error of the trial court in excluding testimony relating to statements and admissions against interest by J. D. Ramsey, now deceased, who was a predecessor of defendant in chain of title to the west half of lot 6. The testimony excluded was to the effect that J. D. Ramsey did not claim the 9 inches of wall which rested on plaintiff's property and at all times recognized it as a party wall, that he died in 1936 or 1937, and that his heirs then became owners of the property and sold it to defendant in about 1945. Defendant objected to this testimony on the ground that it was an oral conversation with a dead person which would affect title to real estate, and the court sustained defendant's objection. This was clearly error. The rule is stated in 22 C. J. 354, §410, as follows:

"Privity between the declarant and a party to the record may render an admission competent, and hence where an owner of property makes admissions in disparagement of his title, these may be shown against persons claiming under or through him. Such an admission, being primary evidence, is competent, although the declarant is available as a witness; but it is necessary, as a preliminary to admitting the statement, that the existence of privity should be shown."

See, also, Globe & Rutgers Fire Ins. Co. v. Creekmore, 69 Okla. 238, 171 P. 874. 12 O. S. 1951 §384, which provides that a party is disqualified from testifying in his own behalf as to transactions had personally with the deceased, cannot be applied in this case because plaintiff did not acquire title to his cause of action immediately from J. D. Ramsey, deceased. York v. Long, 186 Okla. 643, 99 P. 2d 1041.

To sustain the judgment of the trial court defendant relies upon the case of Johnson v. Whelan, 186 Okla. 511, 98 P. 2d 1103, as follows:

"Where the owner of a town lot, in ignorance of the true boundary between his lot and the adjoining lot of another party, and under the mistaken belief that it is his property, encroaches on a portion of the adjoining lot and erects a part of a structure thereon, and occupies such portion of said lot and maintains such structure thereon, openly, peaceably, and exclusively for more than 15 years, he acquires title to such portion of the adjoining lot by prescription sufficient against all. Sec. 11729, O. S. 1931, 60 O.S.A. §333."

In the instant case there is no evidence whatever to show that this wall was built in ignorance of the true boundary and under the mistaken belief that the property belonged to the builder of said wall. On the contrary, the physical facts and circumstances tend to show otherwise: the foundation of the wall is evenly divided by the center line of said lot 6, which is the east and west boundary respectively of defendant's and plaintiff's properties; the eastern aspect of the wall is not a finished wall but is constructed so as to afford support to I-beams of an adjoining building; and there is testimony in the record that Sullivan paid for a part of the cost of the wall at the time it was erected.

Nor is there any showing by defendant of open, exclusive, and peaceable occupancy of the 9 inches of plaintiff's lot upon which this wall rests for more than 15 years. Plaintiff's title to this entire 25 feet is unencumbered of record; when Sullivan executed the deed to the Odd Fellows Lodge he conveyed the entire 25 feet as shown by the recorded plat without exception or reservation and the Odd Fellows made no exception or reservation in their deed to plaintiff. There is no showing that defendant's predecessors in title claimed possession of the entire eastern wall of this building including the 9 inches thereof resting on plaintiff's lot, but,

on the contrary, defendant's immediate predecessors in title, the Defords, started to cut a hole in this wall in 1939 and upon plaintiff's protest restored the wall to its former condition, thus acknowledging plaintiff's claim of ownership of half the wall; the first claim of such possession that is shown in the record is defendant's attempt to cut a window in said wall. The excluded testimony shows that defendant predecessors in title specifically recognized plaintiff's ownership of one-half of this wall, but even if this testimony were not considered, defendant has not met the burden of proving his title by prescription under the standards set forth in Johnson v. Whelan, supra. One relying on title by adverse possession has the burden of proving all the facts necessary to establish such a title. Adverse possession is to be taken strictly, and every presumption is in favor of a possession in subordination to the rightful owner. Title by adverse possession, therefore, must be established by clear and positive proof. It cannot be made out by inference. All of its constituent elements must be established. Thus it is necessary to prove an actual, open, notorious, exclusive, and hostile possession for the full statutory period. Russell v. Davidson, 200 Okla. 408, 194 P. 2d 887, Reinhart & Donovan Co. v. Missouri-Kansas-Texas R. Co., 187 Okla. 661. 105 P. 2d 541.

Reversed, with directions to enter judgment in favor of plaintiff.

HALLEY, V. C. J., and GIBSON, JOHNSON, and O'NEAL, JJ., concur. DAVISON, J., concurs in result. WELCH, J., dissents.