Virgie ELLIS, Plaintiff in Error,

.v.

V. C. WILLIAMS, Defendant in Error.

No. 37151.

Supreme Court of Oklahoma.

May 22, 1956.

O. E. Richeson, Henryetta, for plaintiff in error.

D. F. Davis, Henryetta, for defendant in error.

PER CURIAM.

In the year 1929, one Tom Williams and his wife, Mary Jane Williams, went into possession of the property involved herein. At this time the property was owned by V. C. Williams, a brother of Tom. On June 3, 1929, the property was sold by county tax deed to Floyd Wallen, who, on June 4, 1929, conveyed it to Frank Davis. Tom Williams and Mary Jane Williams remained in possession of said premises without color of title until March 18, 1939, at which time as tenants in common they secured a warranty deed from V. C. Williams, the prior record title owner and his wife, Pearl Williams. Thereafter, Tom and Mary Jane Williams continued to occupy the premises until the respective deaths of each. Mary Jane died on April 10, 1948, and Tom died December 3, 1953. Immediately after the last mentioned date V. C. Williams and Pearl Williams, his wife, moved upon said property and on January 14, 1954, the defendant, Virgie Ellis, a daughter of Mary Jane Williams by a previous marriage, filed joint probate proceedings in the county court of Okmul-gee county to administer upon the estates of Tom and Mary Jane Williams. In that case the defendant, Virgie Ellis, and the plaintiff, V. C. Williams, were appointed and qualified as joint administrators of said estates. That case was completed on October 15, 1954. Determination of heirs was therein adjudicated and said estates were distributed to the following heirs, and in the following proportions:

| | |
|---|---|
| Virgie Ellis | 1/15th or 8/120 |
| Rhoda Hanks | 1/15th or 8/120 |
| Lucille Mathewson | 1/15th or 8/120 |
| Roxie Williams | 1/15th or 8/120 |
| Virgil Ball | 1/15th or 8/120 |
| Robert Williams | 1/6th or 20/120 |
| Effie Whitey | 1/6th or 20/120 |
| V. C. Williams | 1/6th or 20/120 |
| J. Otto Calvin | 1/24th or 5/120 |
| Mrs. John Green | 1/24th or 5/120 |
| Frances McCartney | 1/24th or 5/120 |
| Earl Russell | 1/24th or 5/120 |

V. C. Williams acquired the interests of Robert Williams, Effie Whitey, J. Otto Calvin, Mrs. John Green, Frances McCartney, and Earl Russell, thereby obtaining a 2/3rd interest in said property. On October 25, 1954, this action was instituted in the district court of Okmulgee county by V. C. Williams, defendant in error, plaintiff below, against Virgie Ellis, plaintiff in error, one of the defendants below, and against Rhoda Hanks, Lucille Mathewson, Roxie Williams, and Virgil Ball, the other of said defendants, who are not parties to this appeal, seeking partition of the real estate herein involved among those having respective interests therein. Following the filing of this action the defendant, Virgie Ellis, on the 9th day of December, 1954, purchased a quitclaim deed covering said property from Frank Davis, the holder of the tax deed executed in 1929. Thereafter, she filed an answer and cross-petition, denying the material allegations of plaintiff's petition, except admitting that she was the owner by inheritance from her mother, Mary Jane Williams, of a 28/420ths interest in said property, and alleging, among other things, her purchase of said property from Frank Davis, and relying upon said deed as conveying to her the absolute fee simple

title thereto, and praying her title therein be quieted as against plaintiff and all other defendants.

Plaintiff's reply is in substance, a general denial of the allegations contained in the answer and cross-petition, and alleging title by prescription in that Tom and Mary Jane Williams, and those claiming under them, had been in the open, notorious, hostile and exclusive possession of said property under color of title from the 18th day of March, 1939, a period of more than 15 years adverse to the title claimed by the tax deed holder; also alleging that said defendant, Virgie Ellis was a cotenant with plaintiff and the other defendants, and that her purchase of the quitclaim deed from Frank Davis, by reason of such cotenancy inured to the benefit of such cotenants; that by reason of such cotenancy she was estopped from asserting any adverse title by reason of such deed. Such reply further alleges that defendant knew that Tom and Mary Jane Williams had been in adverse and exclusive possession of the property for many years, paying the taxes thereon, and making valuable improvements thereon for the use and benefit of his family of which she was a member; that at the time she took the deed from Frank Davis she knew she had accepted from plaintiff his ⅔rds part of an attorney fee and other court costs in cause No. 6404, filed and completed by her in the county court, and caused plaintiff to expend other sums based on full and complete title in her deceased parents; that she knew that Frank Davis had never been in possession of said property; was not in possession on December 9, 1954; and that the property was then the subject of controversy in the district court, concerning the partition thereof.

The cause was submitted on an agreed statement of facts, which included the sworn deposition of Frank Davis. Thereupon the trial court entered judgment in favor of the plaintiff decreeing partition of said property from which judgment the defendant, Virgie Ellis, alone has appealed.

The trial court's findings upon which the judgment was based was to the effect that prescriptive title under the 15 year statute was vested in Tom and Mary Jane Williams; that in cause No. 6404, County Court of Okmulgee County, their estates were fully administered and title to said property vested in plaintiff and defendants; that the deed from Frank Davis to defendant, Virgie Ellis, was champertous and void and should be cancelled and set aside because taken in violation of Section 547, Title 21 O.S.1951. The court made no further findings, reciting that such were unnecessary.

The defendant confines her brief to a discussion, intended to show that, under the pleadings and proof in this case, the court erred in holding that title to the property involved herein was vested in plaintiffs by adverse possession; and further, in holding that the deed purchased by defendant from Frank Davis on December 9, 1954, was void as being in violation of the champerty statute.

In support of the first proposition relating to adverse possession, defendant advances the argument that the possession of Tom and Mary Jane Williams was at all times in subordination to the tax title of Frank Davis; that there was not a continuity of possession as would vest title by prescription under the fifteen year statute of limitation. She cites as supporting her position the cases of Pavlovitch v. Wommack, 206 Okl. 158, 241 P.2d 1119; Fernow v. Pfile, 198 Okl. 308, 178 P.2d 106; Honeyman v. Andrew, 124 Okl. 18, 253 P. 489; Wilcox v. Wickizer, Okl., 266 P.2d 638; Howard v. Stanolind Oil & Gas Co., 197 Okl. 269, 169 P.2d 737; and Coats v. Riley, 154 Okl. 291, 7 P.2d 644. These cases, in the main, merely relate the elements necessary to show title by prescription based upon adverse possession, and are particularly applicable to the factual situation as, applied in each cited case.

■ While the cited cases are correct, they do not take from or add to the factual situation here presented. It is apparent from the testimony of Frank Davis that he never at any time from June 4, 1929, went into possession of the property claiming under the tax title; he at no time attempted or exercised any acts of ownership,

such as the collection of rents, the ouster of those in possession, or the payment of taxes. To the contrary the record clearly discloses that Tom Williams lived upon the property involved herein without color of title from the year 1929 to March 18, 1939, and under color of title from March 18, 1939 until his death on December 3, 1953; that during such time he paid all the taxes assessed against the property, made substantial improvements thereon, and claimed his homestead exemptions as it applied to said property; that plaintiff went into possession of the property as an heir of Tom Williams and remained in possession thereof for a period of 7 and ⅔rd months, and was in possession of the property when this action was instituted. We think such acts of dominion as here outlined are sufficient to constitute adverse possession.

It might be said as argued by defendant that Tom Williams died before perfecting title by adverse possession under color of title. However, in Lewis v. Smith, 187 Okl. 404, 103 P.2d 512, 513, this court said in paragraph 2 of the Syllabus:

"The period of possession of an ancestor may be tacked to that of a true heir for the purpose of establishing continuity of possession."

■ It is a rule of almost universal application that, if there is privity between successive occupants holding adversely to the true title continuously, the successive periods of occupation may be united or tacked to each other to make up the time of adverse holding prescribed by the statute as against such title. This rule is so well settled that the citation of authorities is unnecessary. In 2 C.J.S., Adverse Possession, § 129b., p. 687, it is said:

" * * * Privity may also exist where the successor receives his possession from his predecessor by operation of law as well as by the act of the predecessor, * * *."

Irrespective of the trial courts' findings that Tom and Mary Jane Williams had held the open, notorious, continuous, exclusive and adverse possession of the property for a period of 15 years and were vested with title by prescription, the record discloses that an heir of Tom Williams went

into possession of the property and by his possession continued for a period taken together with that of Tom Williams to make up the fifteen years required by statute.

■ This case is one of equitable cognizance and in such cases, under the established rule in this jurisdiction, this court is not bound either by the reasoning of the trial court or its findings, but may, if the law and facts warrant, affirm the case if the trial judge reached the correct ultimate conclusion. See In re Dorris' Estate, Okl., 292 P.2d 399.

From the agreed statement of facts it is apparent that cause No. 6404, County Court of Okmulgee County, was instituted at the behest of defendant. That case was completed, determination of heirs of Tom and Mary Jane Williams adjudged, and the property involved herein distributed to plaintiff and defendants according to their inherited interest therein. The judgment of that court unappealed from became final. By such judgment the plaintiff and the defendants herein became tenants in common in the property involved herein.

■ It is contended by plaintiff that, since he and defendants were cotenants no one of them could acquire an interest in the common property adverse to the other, and cite in support thereof the case of Arthur v. Coyne, 32 Okl. 527, 122 P. 688, 689. In the second paragraph of the Syllabus in that case this court held:

"Cotenant owners of an estate in lands stand in a relation to each other of mutual trust and confidence, and neither will be permitted to act in hostility to the other in reference to the joint estate; and a distinct title acquired by one will ordinarily inure to the benefit of all."

While there are numerous cases holding to the rule that, a cotenant may purchase a title to property and have same vest in such cotenant to the exclusion of the other cotenants, such cases usually arise between cotenants upon a sale and purchase under mortgage foreclosure. And it has been held that the principle which turns a cotenant into a trustee who buys for himself a hostile outstanding title, can

have no proper application to a public sale of common property under legal process. In such cases, the sale not being in any wise the result of collusion nor subject to the control of the bidder, he is as free, except for deceit and fraud, as any other bidder.

In the instant case the procedure followed by defendant precludes any idea, except, that her purchase of the outstanding tax title to the property was an afterthought on her part to gain an advantage over her cotenants. All procedure leading up to the actual partition of the premises was done by her. Also she had agreed that a partition would be necessary so that each heir would obtain his or her prorata share of the property. When she learned that the property involved in this action was subject to an outstanding tax title she owed the duty to at least make known such situation to her cotenants and permit them to participate in the purchase if they so desired by refunding to her their prorata part of the purchase price of such title. There being no testimony to the effect that defendant has at any time requested the participation of her cotenants by reimbursement or otherwise, we can but presume that it was her intentions by her silence to seek an advantage and thus obtain title of the property to the detriment of her cotenants. This we will not in equity and good conscience permit.

Under the view we herein take, we do not deem it necessary to deal with the question of champerty.

The judgment of the trial court is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner REED and approved by Commissioners NEASE and CRAWFORD, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD and HUNT, JJ., concur.