## STUMPF v. STUMPF.

No. 26128.   May 28, 1935.

Rehearing Denied June 18, 1935.

Clifford W. Clift, Fred A. Wagoner, and Edward S. Cooper, for plaintiff in error.

Geo. J. Eacock, John M. Lawrence, and S. A. Horton, for defendant in error.

CORN, J.   This action was commenced in the district court of Oklahoma county by the plaintiff, Mary M. Stumpf, praying·for a decree of separate maintenance.   On the 3rd day of August, 1934, after certain proceedings, the court rendered a decree for absolute divorce.

Subsequent to the rendition of divorce the parties reunited, and so far as the record shows are at this time living together.

A motion for a new trial and a motion to vacate the part of the judgment granting fees in the sum of $4,500 was heard by the judge on the 21st day of September, 1934, and he reduced the attorneys fees from $4,500 to $3,000.   At the same time he found that since the date of the judgment the parties had reunited and abandoned the divorce proceedings.   It is from this judgment that the appeal is taken.   There is a supplemental motion to dismiss filed herein which is at this time overruled in order to pass upon the cause on its merits.   There are six assignments of error, which are argued under four propositions.   The first is that there can be but one judgment in an action.   Two cases are cited by the plaintiff which have no bearing upon the proceedings for divorce, and no authority is shown under the argument of said proposition why the judgment in this case is void or irregular.

The second proposition is that the district court is without power to tax as costs or allow an attorney fee after setting aside, vacating, and holding for naught the judgment and decree of divorce and property division, for the reason that when the power conferred by section 670, O. S. 1931, ceases, the power to award counsel fees also ceases, and there is no action pending.   Cited in support of this proposition is the case of Friedman v. Friedeman, 32 Okla. 45, 269 P. 257. We have examined that case, and find that it is not in point. There is no contention here that at the time of rendition of the divorce the attorneys' fees were not made a part of the judgment. The motion to vacate the judgment originally granting attorney fees was made by defendant, and there was no voluntary action upon the part of the court subsequent to judgment.   The other cases cited in support of this proposition to the effect that attorney fees can only be granted while the divorce action is in prog-

ress are all to the same effect and have no bearing upon the issues involved in this proceeding.

The third proposition is that counsel fees in a divorce action are allowed to the wife for the use and benefit of her counsel, and not to the counsel, for the reason attorneys are not parties to the suit. Harwood v. Carter (Nev.) 222 P. 280, and Farrell v. Betts & Betts, 16 Ala. App. 668. 81 So. 188. are cited in support of this proposition. The defendant in error urges that this proposition was not properly presented to the trial court and is not assigned as error. Without deciding the question as to whether or not this was properly presented in the trial court, it is sufficient to state that we have examined these authorities and they are, if they support a different rule to that announced by the Oklahoma courts, contrary to the rule adopted in this state.

The fourth proposition is that the district court is without power to allow attorney fees in a divorce action where it is shown that the plaintiff contracted and agreed to pay her counsel and had ample means to pay from her own personal funds. No authorities are cited to support this rule other than section 670, O. S. 1931, and Albert v. Albert, 120 Okla. 172, 251 P. 476. Neither of those authorities sustains the proposition.

Section 670, O. S. 1931, giving the power to the trial court in such matters, is in part as follows:

"* * * The court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper, considering the respective parties and the means and property of each."

In this case the petition was filed on the 23rd day of July, 1934, and judgment rendered on the 3rd day of August, 1934, so it is plain that the services rendered by the attorneys did not extend over a period of two weeks, and in addition to the above facts, Mrs. Stumpf testified relative to attorneys' fees, in substance: That on the 22nd day of July she had a conversation with Mr. Lawrence concerning what the attorney fee would be in this action; that she told Mr. Lawrence she did not think it would be any more than $500. However, she did not personally agree to pay any fee, because Mr. Lawrence said she had nothing to worry about, that Mr. Stumpf would pay the fee.

The amount of property owned by the parties to this action, as found by the trial court, is about $108,000.

Having decided that the trial court had power and authority to assess a reasonable amount as costs for the plaintiff against the defendant to pay for the services of her attorneys, we must necessarily next determine whether the amount of $3 000 is, under the facts and circumstances in this case, a reasonable amount or excessive. The part of the said section of the statute which provides, "* * * such reasonable expenses of the other in the prosecution and defense of the action as may be just and proper, considering the respective parties and the means and property of each," does not necessarily mean that all expenses of the services of the attorneys should be assessed by the court against one of the parties to the suit, and certainly does not contemplate that the court has a right to assess an amount sufficient to pay for the services of two attorneys.

We are of the opinion that the judgment of the trial court should be, and is, modified and reduced to the sum of $1,500, and as so modified is affirmed.

OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, WELCH, and GIBSON, JJ., concur. McNEILL, C. J., absent. PHELPS, J., not participating.