### KELLY v. MAUPIN et al.

No. 26834. April 14, 1936.

Rehearing Denied May 12, 1936.

Morris & Wilhite, for plaintiff in error.

Jack W. Page, for defendant in error John A. Maupin.

BUSBY, J. The principal question in this case is whether the plaintiff in a divorce action may defeat the right of her attorney to collect an allowed fee by thereafter dismissing or attempting to dismiss such action. Apparently this court has not passed on this precise question heretofore. It is presented by the record, which reveals the following facts:

On August 6, 1934, Lillie Kelly, as plaintiff, filed in the district court of Oklahoma county a petition against D. L. Kelly for divorce, temporary and permanent alimony, and division of property acquired through the joint efforts of herself and the defendant. She also sought an order of the court requiring the defendant husband to pay the sum of $1,500 as temporary attorney's fee for her counsel, John A. Maupin. She alleged her husband was worth the sum of $100,000.

After the petition had been filed, the court made its order directing the defendant (among other things not necessary to mention here) to pay $1,500 as temporary attorney's fee or appear and show cause for his failure to do so.

Copy of the order was almost immediately served upon the defendant, who promptly got in touch with the plaintiff and entered into an oral agreement with her to pay her a monthly allowance, securing from her a promise to dismiss the divorce action. The defendant then paid no attention whatever to the order made by the district court.

On December 5, 1934, the plaintiff pre-

sented to the clerk of the district court for filing an instrument denominated a dismissal which purported upon its face to dismiss the divorce action. This instrument was signed by the plaintiff, but was not signed by her attorney. There is some controversy in the record as to whether the instrument was physically filed by the clerk. This, we think, is immaterial in determining the rights of the parties to this action. Unquestionably, the instrument was tendered to and left with the clerk for filing and was therefore just as effective as though it had been physically accepted by the clerk and actually filed. Reeder v. Mitchell, 117 Okla. 21, 244 P. 773; sec. 80, O. S. 1931. It was not within the province or power of the clerk to determine the legal significance or effect of the instrument thus tendered, and his opinion concerning the matter is immaterial.

Subsequent to the filing of this purported dismissal the previous oral agreement was superseded by a written contract of property settlement between the parties to the action. This was executed on the 22nd day of April, 1935.

Thereafter, on the 3rd day of May, 1935, John A. Maupin, the attorney for the plaintiff, filed in court his application for a citation for contempt showing that no part of the attorney's fee allowed by the trial court had been paid, and seeking to have the defendant cited to appear and show cause why he should not be punished for contempt for failure to obey the order. On the 7th day of May, 1935, the defendant appeared and filed his response to the application, seeking to defeat the same upon the grounds: (1) That the court was without authority to enter the order in the first place because plaintiff was not a resident of Oklahoma county when suit was commenced; (2) that the jurisdiction of the court had ceased by reason of the claimed dismissal of the action; and (3) because John A. Maupin the attorney who presented the application, was not a party to the litigation and therefore could not seek relief in the court.

The trial judge held that the district court of Oklahoma county had jurisdiction of the subject-matter of the action at the time the previous order was made; that the attempted dismissal of the action by the plaintiff without a court order for that purpose was ineffective; that the court still had jurisdiction of the matter, and that the attorney, John A. Maupin, had a real interest in the controversy to the extent of the attorney's fee allowed, and therefore had a right to seek an enforcement of the order. The court, however, decided, in view of the equities in the case, that the amount allowed as attorney's fee should be reduced to $750. The previous order was therefore modified to that extent and the defendant directed to pay that sum. The trial court then entered a dismissal of the action in its other aspects.

The defendant, D. L. Kelly, brings the case to this court upon appeal, appearing herein as plaintiff in error. He re-asserts, in substance, the contentions made before the trial court.

John A. Maupin and Lillie Kelly are named as defendants in error. We shall in this opinion continue to refer to the parties in the order of their appearance before the trial court.

We do not understand that the defendant is contending that a district court in a pending divorce action cannot make an order requiring a defendant-husband to pay the expenses of the suit, including a temporary attorney's fee, for the benefit of his wife's attorney for the prosecution of such action. This power has been universally recognized in this jurisdiction and is authorized by our statutes. Section 670, O. S. 1931. The defendant, however, urges that the district court of Oklahoma county had no power to act at all, because, as he asserts, his wife was not then a resident of Oklahoma county. It is undisputed that she was a resident of the state of Oklahoma more than one year next preceding the filing of this action. Our statute, of course, places the venue of the action in the county of plaintiff's residence. See section 666 O. S. 1931, and section 116, O. S. 1931.

Plaintiff's verified petition alleges that she was at the time of filing thereof a resident of Oklahoma county. The truth of this allegation was not raised until the hearing in connection with the application for citation for contempt, which was long after the order requiring the payment of attorney's fee had been made.

For the purpose of this discussion we shall assume, without deciding, that the jurisdiction of the court in this class of action depends upon a proper choice of venue, an assumption which is most favorable to the defendant. The presence in the verified petition of the allegation of residence by the plaintiff in Oklahoma county conferred jurisdiction upon the district court of that county which jurisdiction would not cease until the untruth of such allegation should

be affirmatively established, since jurisdiction, in the first instance, depends upon allegations instead of the facts. See Howard v. Duncan, 163 Okla. 142, 21 P. (2d) 489. Since no facts contrary to this allegation had been made to appear at the time the order directing the payment of the attorney's fee was made, it follows that the court possessed jurisdiction to make the order at the time it was made. The defendant's contention upon this point is therefore without merit and it is unnecessary for us to review the conflicting evidence later introduced for the purpose of determining plaintiff's actual residence at the time the action was filed.

Defendant earnestly contends that the dismissal or attempted dismissal of the action of December 5, 1934, deprived the court of any further jurisdiction to enforce its previous order and that the plaintiff had an absolute and unqualified right to dismiss her action by virtue of the provisions of section 422, O. S. 1931, without seeking a court order for that purpose. This assertion is of doubtful soundness in view of our decision in the case of Harden v. District Court of Tulsa Co., 175 Okla. 417, 53 P. (2d) 247, in which we denied that such an absolute right existed in a case where an order for temporary alimony and attorney's fee had been made and partially collected. There is a distinction between that case and this. Herein there had been no collection directly attributable to and in satisfaction of the order made. However, the difference is probably not of vital importance, since an order had been made in this case directing the payment of attorney's fees which was for the benefit of an attorney who was not consulted in connection with the attempted dismissal of the action. Certainly, it should not, as pointed out hereafter, be effective to destroy his right thus acquired without his consent or acquiescence. We do not think it is essential to a determination of this case to decide definitely whether this order was effective as a dismissal of the divorce action. Regardless of its effect in that particular, it was, in our judgment, obviously ineffective to destroy the previous order made by the court, in so far as that order was for the benefit of the plaintiff's attorney. Even though a plaintiff may be vested with the absolute right in many cases to dismiss an action, that right does not carry with it the power to vacate or nullify the previously made and valid orders of a court of competent jurisdiction. In other words, the right to dismiss does not include the judicial power to vacate a court order. Thus, regardless of whether the dismissal

was effective or not in disposing of the action wherein the plaintiff sought to obtain a divorce, it was certainly ineffective to destroy the previous order requiring the payment of counsel fee.

We shall now consider defendant's contention that the attorney had no right to seek the enforcement of the order directing the payment of attorney's fee. This question was directly before the Supreme Court of Washington in the case of Yoder v. Yoder (Wash.) 178 P. 474, 3 A. L. R. 1104, wherein that court held that the sum awarded to a wife in a divorce action as an attorney fee does not belong to her, but belongs to her attorney; that the allowance is made for the use and benefit of the attorney and while it stands in her name she is a mere dry trustee and that as far as this feature of the court's judgment or order is concerned, the attorney is the real party in interest and may, without the consent or approval of his client, seek the enforcement of that portion of the order or judgment. The Washington court in that case definitely and explicitly decided that an attorney who has obtained a beneficial interest in such an order cannot be deprived thereof by reconciliation between the parties and a dismissal of the pending action. The annotator in A. L. R. says that the only other case directly in point upon the question is the case of McMakin v. Wickliffe, 16 Ky. Law Rep. page 240, which case follows the same reasoning and arrives at the same result as that announced in the Yoder Case, supra. The cases bearing upon this question must not be confused with cases dealing with the rights of the parties where no order has been made fixing the responsibility of one of the parties to a divorce action for the payment of the other party's attorney's fee. Such cases are dealt with in an annotation appearing in 45 A. L. R. 941. The case of Rogers v. Daniel, 92 Okla. 47, 217 P. 881, which is cited by defendant, falls within that class and is therefore not in point.

The provision of the law authorizing the district court to require one of the parties to a divorce action to pay attorney's fee for the benefit of the attorneys of the opposite party is designed to insure the proper presentation of cases of this character in the courts of this state. Its purpose is to provide a means whereby attorneys can be assured of their pay for properly preparing and presenting such a case. The power thus recognized when exercised fixes, subject to possible modification, the rights of the parties. A valid court order directing the payment of an attorney's fee by one of the par-

ties to a divorce action creates an enforceable legal obligation to pay the same. See Stumpf v. Stumpf, 173 Okla. 1, 46 P. (2d) 315.

This obligation cannot properly be defeated by the pursuit of evasive tactics. As the Washington court said: "'A laborer is worthy of his hire,' even though an attorney." The defendant in this case was, by virtue of a court order, made responsible for the payment of attorney's fee to his wife's attorney. The amount of such fee, as modified, was determined by the trial court to be reasonable. The legality of the obligation thus imposed is not open to dispute. The reasonableness of the amount fixed is not disputed in this court. The amount should be paid, and the judgment of the trial court requiring the payment thereof is affirmed.

OSBORN. V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.