GROENEWOLD v. GROENEWOLD.

No. 30554. Nov. 30, 1943.

*144· P. 2d 965.*

John J. Carney, of Oklahoma City, for plaintiff in error.

Thos. J. McCaffrey and Fred L. Hoyt, both of Oklahoma City, for defendant in error.

Karl D. Cunningham, of Kingfisher, for interpleader.

John H. Cantrell, of Oklahoma City, amicus curiae.

GIBSON, V.C.J. This action was instituted in the district court of Oklahoma county by Minnie Groenewold against Dick Groenewold for divorce and alimony. Defendant interposed a motion to dismiss in the nature of a plea in abatement, alleging that plaintiff was insane and therefore without capacity to maintain the action or to change her residence from defendant's home in Kingfisher county to Oklahoma county, whereby the trial court was left without jurisdiction of the action.

The trial court denied the motion, holding that the question of plaintiff's sanity as bearing upon her capacity to change her residence and to maintain the action was a matter of defense to be heard and determined at the trial on the merits.

From that order defendant has appealed.

The court may have erred in so disposing of the motion or plea in abatement. An objection to plaintiff's capacity in this respect is said to constitute a plea in abatement (32 C. J. 781, sec. 620); and this court has held that such a plea must be interposed and determined prior to answer on the merits or the same is waived. Wale v. Bostick, 170 Okla. 388, 40 P. 2d 631.

Under the above circumstances it would ordinarily be our duty to reverse the order and judgment of the court for a trial on the issue of sanity, but the question has become moot. Plaintiff has filed herein her motion for order dismissing the cause, stating that she has filed her motion to dismiss in the trial court, and confesses the merits of defendant's petition in error on this appeal.

It appears from the numerous briefs filed herein that the plaintiff, by order of the county court of Kingfisher county entered January 28, 1941, was committed to a state hospital for the insane pursuant to 35 O. S. 1941 § 62. She was paroled, or conditionally released, therefrom on June 10, 1941, and commenced this action August 12th of that year. The trial court entered an order for suit money or temporary alimony for $500, and attorney fees in the sum of $500. Then this appeal from the order overruling the plea in abatement took place as aforesaid.

Subsequent to the appeal and on October 12, 1941, Edward F. Groenewold was appointed guardian of the person and estate of plaintiff as an incompetent person. Plaintiff filed her first motion herein to dismiss while said guardianship was pending.

Thereafter, August 21, 1942, the county court of Kingfisher county, acting pursuant to the Lunacy Law of 1917 (35 O. S. 1941 § 80), entered an order

declaring plaintiff to be a sane person. On the same day said court, acting pursuant to the Probate Code, entered its order in the guardianship case restoring plaintiff to capacity.

Thereafter plaintiff filed herein her petition reaffirming her motion to dismiss.

In his briefs defendant discusses the motion to dismiss and makes no objection thereto, but apparently agrees to said motion.

By her motion plaintiff merely confesses error on the part of the trial court in refusing to determine the issues raised under the plea in abatement. She was fully competent to seek a dismissal of the cause below unless her mental condition had changed subsequent to her restoration to capacity by order of the county court in the probate proceedings. There is nothing to indicate that plaintiff is not mentally competent to seek a dismissal, and since defendant makes no objection, we sustain her motion.

Plaintiff's counsel who instituted the suit for her in the trial court have filed a response to her motion to dismiss alleging that they had not been notified of her intention to dismiss, and that said dismissal was without notice to them. Counsel allege that they are entitled to the attorney fee allowed and ordered by the trial court, and ask this court to enter its order for the payment of such fees or direct that the order as made by the district court stand, and be approved.

Plaintiff has filed a response, or has joined in or adopted the response filed by her former guardian wherein it is asserted that plaintiff was an incompetent and insane person when she employed said attorneys, and asks that said issue be determined by this court, and that counsel's petition be denied.

This court has power to grant suit money, including attorney fees, pending appeal of a divorce action. Kostachek v. Kostachek, 40 Okla. 744, 124 P. 761. But, in the instant case, the fee has been allowed by the trial court, and is not on review here. If the order of the trial court was valid, it must be enforced in that court by appropriate proceedings, whereupon the defendant herein may resist the order by any legal means at his disposal. Kelly v. Maupin, 177 Okla. 44, 58 P. 2d 116. In that case the rights of the attorney in such case and his remedy were stated by the court as follows:

"A valid court order directing the payment of an attorney's fee by one of the parties to a divorce action creates an enforceable legal obligation to pay the same.

"Parties to a divorce action cannot, after a valid court order has been made allowing an attorney's fee, deprive the attorney of the fee by dismissing or attempting to dismiss the action.

"The right of a party plaintiff to dismiss an action, when it exists, does not include the judicial power to vacate an existing judgment or order of the court previously made in such action.

"An attorney for whose benefit an order has been made directing the payment of attorney's fee in connection with a divorce action has sufficient interest in the matter to seek the enforcement of such order."

Here, the parties to the action have agreed to a dismissal and it should be granted. But by such action alone they cannot defeat an order for payment of the attorney fee.

Much space in the briefs is devoted to the question of plaintiff's alleged insanity and her incompetency by reason thereof to employ counsel to institute the action. Plaintiff, joined by her husband, asserts that she had been committed to the hospital for the insane as aforesaid by order of the county court acting pursuant to section 62 (Lunacy Law of 1917), supra, and that said order constituted a judicial determination that she was insane; that to all legal intents and purposes she remained so until she was examined and found to be sane pursuant to section 80, supra.

However, it is our opinion that the

trial court should be allowed first to pass on that question in event it is presented in subsequent proceedings for the enforcement of the order allowing attorney fees.

For the reasons herein stated, the cause is remanded to the trial court, with directions to dismiss the action, reserving to counsel aforesaid the right to proceed to collect their attorney's fees.

CORN, C.J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.