CARTER v. CARTER.

No. 33965.   Feb. 6, 1951.

*227 P. 2d 651.*

Windham & Windham, Poteau, for plaintiff in error.

Chas. D. Scales and Otis D. James, Oklahoma City, for defendant in error.

CORN, J. On April 23, 1948, the plaintiff, L. C. Carter, filed his petition for divorce against the defendant, Ruth Ellen Carter, and for grounds alleged that the conduct of the defendant, which is not necessary to enumerate, amounted to gross neglect of duty and extreme cruelty.

The defendant answered with a general denial and also filed a cross-petition wherein she set forth that the plaintiff was guilty of cruel and inhuman treatment toward her in that he cursed and abused her, made disparaging remarks about her virtue, made assaults and attacks upon her and is addicted to the excessive use of intoxicating liquor, and while under its influence beat and wounded her with his hands and fists.

The facts are the plaintiff and defendant were married and divorced prior to their marriage on May 13, 1947. Of their first marriage a son, Lenuel Ray Carter, was born December 24, 1945.

After a full and complete hearing wherein each party introduced evidence in support of the allegations in their respective pleadings, the court rendered in part the following judgment:

"The cause is submitted to the court upon the pleadings of the parties and the proof introduced in open court in support thereof and the court, having considered the pleadings of the parties, the proof introduced, the argument of counsel and being well and truly advised in the premises, finds:

"That plaintiff is not entitled to a divorce upon the grounds alleged in his petition against the defendant but defendant is entitled to a decree of divorce against the plaintiff upon the facts alleged and set forth in her amended answer and cross-petition."

The court gave custody of the minor child to the defendant, until the further order of the court, with right of plaintiff to visit said child and have it visit him at reasonable and proper times, and required the plaintiff to pay $50 per month for the maintenance and support of said child; and to pay $100 attorney's fee to her attorneys. The record reflects the parties had a settlement of their property rights of the property they owned when the first divorce decree was granted, June 27, 1946.

The journal entry further recites:

"'The court finds that the antenuptial contract entered into between the parties hereto on August 13, 1946, was not just, fair and equitable and by reason thereof should be set aside and cancelled by this court; that the questions pertaining to permanent alimony, division of property and settlement of property rights as to accumulations since the last marriage of the parties may be litigated in this action, regardless of said contract, and a proper judgment and decree with reference thereto be made by this court.

"The court finds, upon consideration of the accumulation of property since the last marriage of the parties hereto and the encumbrances against the same, that plaintiff should be required to pay to the defendant, as a fair and equitable division of the property accumulated subsequent to the last marriage and as and for a complete property settlement, the sum of $2,000.00, to be paid within one year from this date, and the defendant to be permitted to occupy the home of the parties hereto for a period of one year from this date and to have all household furniture, cooking utensils and housekeeping equipment located in the home occupied by the parties hereto at the time of their separation, save and except an electric refrigerator and electric range."

Since the appeal was filed in this court, the following order was made:

"The above styled and numbered cause having been brought to this court upon appeal from the decree granting a divorce to the defendant in error and also making a property division and settlement:

"And plaintiff in error having filed herein his motion to dismiss his said appeal insofar as the same complains of the granting of the divorce; And defendant in error having acknowledged service of said motion waiving time within which to respond thereto:

"It is ordered that the appeal herein be dismissed as to that part of the decree of the lower court granting defendant in error a divorce from plaintiff in error but this order shall have no effect upon said appeal as to the determination of the property rights of said parties.

"Done this 5th day of August, 1949."

The plaintiff, by seeking and obtaining such order, admits the divorce was granted by reason of his fault or aggression.

Section 1278, 12 O. S. 1941, provides:

"When a divorce shall be granted by reason of the fault or aggression of

the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof . . . ."

Plaintiff obtained a divorce in June, 1946, and in less than two months he and the defendant were living together as husband and wife. He told her he would have the divorce decree annulled.

The husband had a contract prepared which they signed in August, 1946, wherein the defendant without any consideration waived, discharged and released any right, title or interest whatsoever she may acquire in property then owned or may be acquired by the plaintiff thereafter by virtue of the marriage. The decree was not annulled, but they continued to live together as husband and wife, without defendant being advised by counsel of her rights, and under facts and circumstances which fully sustain the court's judgment in canceling and setting it aside.

The plaintiff in his brief states:

"In event this Court sustains the decision of the trial court in setting aside the antenuptial contract the case should, nevertheless, be reversed because there is no competent evidence to sustain the judgment requiring the plaintiff in error to pay to defendant in error the sum of $2,000.00 in cash, awarding to her any personal property, except that admitted to be her separate property, and granting her the privilege of occupying the home and garage apartment owned by plaintiff in error as her separate property for the period of one year."

The plaintiff testified his income from the Panama show was around $250 per month, and that the income from the show at Spiro was about the same, but in April of this year (meaning 1948), he sold the Spiro business to his brother for $7,000.

The defendant testified:

"Q. Do you know anything about the show at Panama. As to its daily receipts and monthly receipts? A. Well, it has taken in more than he says.

"Q. He says two hundred to two hundred fifty—and you say from four to five hundred per month? A. That is right.

"Q. Do you know about the Spiro business? A. It was better than Panama because he called this his pet show. He didn't want to get rid of it.

"Q. What was the average monthly income for it? A. He has always said it was more than Panama—much more, but he wouldn't want me to go down there.

"Q. Then it would run something like six to seven hundred fifty? A. I would say it would.

"Q. Do you know anything about the sale of the show at Spiro to his brother? A. It was all done unbeknowing to me. He mentioned during the time we were having trouble before he filed for divorce again."

As to the division of the property, the court decreed:

"The court finds, upon consideration of the accumulation of property since the last marriage of the parties hereto and the encumbrances against the same, that plaintiff should be required to pay to the defendant, as a fair and

equitable division of the property accumulated subsequent to the last marriage and as and for a complete property settlement, the sum of $2,000.00 to be paid within one year from this date, and the defendant to be permitted to occupy the home of the parties hereto for a period of one year from this date and to have all household furniture, cooking utensils and housekeeping equipment located in the home occupied by the parties hereto at the time of their separation, save and except an electric refrigerator and an electric range."

The plaintiff also complains about the $50 per month alimony for maintenance and support of the minor child. He has failed to present anything which we deem sufficient to cause us to reduce the amount.

The judgment of the trial court is not clearly against the weight of the evidence, and should be and is affirmed.

Judgment is rendered in favor of defendant, Ruth Ellen Carter, for $2,000 upon the supersedeas bond against O. A. Johnson and J. D. Ollie, sureties thereon.

ARNOLD, C. J., LUTTRELL, V.C.J., and GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. WELCH, J., dissents.

WELCH, J. (dissenting). I do not think the evidence sufficient to support the award of $2,000 as a fair and equitable division of the property accumulated subsequent to the last marriage, a period of only about a year.