KELLEY v. KELLEY.

No. 34560.    March 25, 1952.

*242 P. 2d 439.*

James Bounds, Hugo, for plaintiff in error.

George T. Arnett, Idabel, and Lon Kile, Hugo, for defendant in error.

BINGAMAN, J. On April 5, 1940, the plaintiff, Mary Kelley, now Ford, obtained a divorce from the defendant, Floyd Kelley, the decree granting her the custody of two minor sons born of the marriage and directing the defendant to pay her the sum of $30 per month for the support and maintenance of the minors during their minority. On September 2, 1949, she filed in said cause a motion to modify the decree by increasing the allowance for the support and maintenance of the children, and on the same date filed an application for contempt citation and temporary restraining order, setting out that defendant was delinquent in his payments under the decree to the amount of $1,170 and that he had refused and continued to refuse to pay the same. In both the motion and the application for contempt citation she asked for costs and attorney's fees, and in the application for citation asked for a restraining order, restraining the defendant from disposing of his property, and that two banks in the city of Hugo be restrained from permitting him to withdraw funds therefrom. The trial court issued the citation and a temporary restraining order as prayed for. The defendant filed a response, consisting of a general denial, and a cross-motion to modify the decree by discontinuing the further payment of child support. At the hearing on the motion and citation and the cross-motion of defendant, the parties waived trial by jury, and at the conclusion of all the evidence the trial court rendered judgment, requiring the defendant to pay delinquent installments on the child support in

the sum of $708, awarded the plaintiff an attorney's fee of $300 for her attorneys, and increased the payments of child support to $40 per month. It further ordered that the defendant be committed to the county jail of Choctaw county until he should have paid the said sum of $708 and the $300 attorney's fees. Motion for new trial was filed and overruled, supersedeas bond was filed and approved, and defendant appeals.

Defendant contends that the application for citation was barred by the three-year statute of limitation; that the evidence showed that the default of defendant in making the payments required by the divorce decree occurred prior to 1945; that the proceeding is a proceeding for criminal contempt and must be brought within the period of criminal limitation. 22 O. S. 1951 §152. We are unable to agree with this contention.

Defendant relies upon Woodworth v. Woodworth, 173 Okla. 554, 48 P. 2d 1052, as supporting his contention. Examination of that case discloses that we therein said that neither the application for citation nor sentence in that case showed whether the pecuniary penalty was intended to be for the benefit of the judgment creditor or whether it was assessed as a fine for contumacious contempt of court, and that we must take it that it was assessed as a punishment to vindicate the authority of the court as in criminal contempts. In Fagin v. Thoroughman, 190 Okla. 649, 126 P. 982, we distinguished the decision in the Woodworth case, pointing out that it was held to be a criminal contempt since it was not shown to have been for the benefit of the injured party in the original action. The same distinction is pointed out in the decisions of the Criminal Court of Appeals in Flathers v. State, 7 Okla. Cr. 668, 125 P. 902; and in Ex parte Stephenson, 89 Okla. Cr. 427, 209 P. 2d 515.

In Townsend v. Townsend, 174 Okla. 185, 50 P. 2d 147, we said:

"A proceeding for indirect contempt for willful disobedience of a court order in a divorce action, when for the benefit of a party thereto, and not to uphold the power of the court, is in its nature a civil action, and governed by the rules applying to civil proceedings."

In Hadley v. Hadley, 129 Okla. 219, 280 P. 1097, we said:

"A contempt proceeding against a defendant for failure to pay certain sums ordered to be paid to plaintiff is primarily for the benefit of such plaintiff. The punishment for such contempt is remedial and coercive in its purpose, and a commitment for punishment, not conditioned on a continued failure to pay the sums, cannot be made."

The contempt proceeding in this case was clearly for the benefit of the plaintiff and her minor children, and was therefore a civil contempt and not barred by the statute of limitation relied upon by defendant.

Defendant also contends that the action is barred by laches. But laches does not apply unless it is shown to have resulted in injury to the party asserting it as a defense. Fernow v. Pfile, 198 Okla. 308, 178 P. 2d 106. No injury occasioned by the delay is shown in this case.

Defendant further contends that the testimony shows that he is unable to obey the order of the court because of his financial condition. This requires a brief analysis of the evidence. From the record it appears that the oldest boy, at the time of the hearing, was eighteen years of age and desirous of entering college. The younger boy was sixteen and was in his last year in highschool. Both parties had remarried, but from the testimony of plaintiff it appears that the condition of herself and her husband was such that they were unable to send the oldest boy to college and to proceed further with the education of the younger boy. Defendant's evidence showed that he had remarried and was the father of three children by his second wife, one of the children being to some extent afflicted

with polio. He testified that in the intervening period between his divorce and the hearing he had owned and operated a beer tavern, which he sold for $14,000; that he had also sold another beer tavern for $4,000; that out of the proceeds he had bought a home, a six room brick, which was clear and unencumbered, and that he and his wife each had 1949 Buick automobiles, costing approximately $3,000 each. He testified that all the money he received from the beer taverns he sold had been expended and that he was in debt approximately $2,750, and was working in a tavern for $40 a week. Both he and his wife testified that after the divorce from his first wife he was not making sufficient money to pay the allowances, but that he did pay some money, and that in 1945, when plaintiff had a citation issued against him, he commenced paying the $30 per month.

The trial court heard the witnesses testify and observed their demeanor. He allowed the defendant credit for all sums which the defendant testified he had paid and rendered judgment apparently for the balance he found unpaid. We think his judgment is sufficiently sustained by the evidence; that the evidence clearly reflects that the defendant could have paid the delinquent installments long prior to the time the present proceeding was instituted had he been so inclined, and that his present financial condition is such that he can now pay the sum which the court found due.

Defendant further contends that the attorney's fee is excessive, but no evidence was produced to that effect, and the trial court was familiar with the amount of work done by the attorneys for plaintiff and fixed their fee accordingly. We do not consider the amount excessive.

The judgment is affirmed.

Plaintiff in her brief calls attention to the supersedeas bond and requests that judgment be rendered by this court on the bond. It is therefore ordered that the defendant in error, Mary Kelley, now Ford, have and recover from plaintiff in error, Floyd Kelley, and from Dean Weaver, surety on said bond, the sum of $708, with interest thereon at the rate of 6 per cent per annum from September 26, 1949, and the costs of this proceeding, and the further sum of $300, as attorney's fees for her attorneys, for all of which let execution issue.