REDING v. REDING.

No. 35122.   June 3, 1952.

*245 P. 2d 1128.*

Lee Williams, Oklahoma City, for plaintiff in error.

Carmon C. Harris, Oklahoma City, for defendant in error.

O'NEAL, J.  Lawrence H. Reding and Jewell Reding were married in June, 1941. Both parties had been previously married. Lawrence had a daughter, and Jewell, a son, by their previous marriages. Each of the parties was employed during coverture. Mr. Reding was principally engaged in the contracting and building business and Mrs. Reding, during their marriage, was employed by federal agencies in the office of W. P. A. and Reconstruction Finance Corporation and Douglas Aircraft. Plaintiff's ground for divorce was extreme cruelty.

Defendant, Mrs. Reding, by answer, denied plaintiff's alleged grounds for divorce and by way of cross-petition prayed for a decree of separate maintenance, support and division of property. She charged plaintiff with mental and physical cruelty, specifying the acts relied upon. Her cross-petition sets forth in detail the property acquired during coverture, and prays for an equitable division thereof.

At the conclusion of the trial the court passed the case for sixty days, suggesting that the parties effect a

reconciliation of their marital difficulties, if possible. At the expiration of the sixty-day period, the parties appeared in person and by counsel and advised the court that a reconciliation was not possible, and resubmitted their case on the record previously made.

The trial judge entered a decree granting plaintiff a divorce on the alleged grounds of extreme cruelty. Either on religious or aesthetical grounds not disclosed by the record, Mrs. Reding did not desire a divorce. She stated that she was reared in a family and was brought up not to believe in divorce. After the entry of the divorce decree in favor of the plaintiff, he filed a motion for a new trial solely on the ground of alleged error in the judgment involving the division of property, the allowance of alimony and attorneys' fees. The defendant and cross-petitioner filed a motion for a new trial but withdrew the same, and in her brief she asserts the appeal involves only the property, alimony and attorney's fees granted in the decree.

The appeal thus involves the reasonableness of the judgment as to the division of their jointly-acquired property during coverture. The decree awards the home and furniture to the wife, also alimony in the sum of $2,922 payable at the rate of $75 monthly. The parties had on hand $1,800 in cash, and $700 in war savings bonds. The court divided this sum equally between them. The bonds had been purchased by the defendant and therefore the face value thereof was deducted from her half interest in the combined item of $1,800 and $700, reducing the amount of cash to her in the sum of $550. Other property involved consisted of lots in Ft. Worth, Texas, building material at plaintiff's place of business in Oklahoma City, certain office buildings and lumber sheds, together with a first mortgage on real estate and bills receivable of the aggregate value of $4,744. The court found the defendant was entitled to one-half of said value, $2,922, which sum included the $550 item

referred to. The net amount of $2,922 was therefore ordered paid in monthly installments of $75 per month, together with an attorney's fee of $150 for defendant's attorney.

The record discloses that during the ten-year period of their marriage defendant was gainfully employed at wages ranging from $1,200 to $3,000 yearly; that she made substantial payments both on the home and furnishings, and in addition to providing a proper maintenance for herself, contributed to the running household expenses. We think the division of their property rights was reasonable and equitable and as favorable to the plaintiff as the facts warranted.

In Routh v. Routh, 191 Okla. 419, 130 P. 2d 1000, we held:

"The burden is upon the party appealing from a divorce decree to show that the findings and judgment are against the clear weight of the evidence."

In Allmon v. Allmon, 196 Okla. 329, 164 P. 2d 975, and in the following cases we held that an action for divorce is one of equitable cognizance and the judgment in such actions will not be disturbed on appeal, unless it is clearly against the weight of the evidence. Chamberlain v. Chamberlain, 121 Okla. 145, 247 P. 684; Weatherspoon v. Weatherspoon, 199 Okla. 543, 188 P. 2d 225; Payne v. Wade, Ex'x, 190 Okla. 222, 122 P. 2d 144; Clayton v. Speakman, 182 Okla. 86, 76 P. 2d 376.

That part of the judgment and decree granting plaintiff a divorce was not appealed, and is, therefore, final as between the parties. The sole question presented being that of the division of the community property, and the evidence in support of the findings and judgment of the trial court not being clearly against the weight of the evidence, the judgment of the trial court is affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.