## BURR v. BURR.

No. 35150.    Oct. 14, 1952.

Rehearing Denied Nov. 5, 1952.

*249 P. 2d 722.*

358

Washington & Thompson, Oklahoma City, for plaintiff in error.

Miskovsky & Miskovsky, Oklahoma City, for defendant in error.

BINGAMAN, J. The instant case involves the validity of a temporary attorney's fee allowed by the trial court in a divorce action. There is no controversy over the facts. From the record it appears that on September 1, 1950, Marguerite Burr filed a divorce action against her husband, C. W. Burr, and that she employed Miskovsky & Miskovsky to prosecute her action. In her petition she set out and described a considerable amount of property held by her husband which she claimed was community property, and asked the court to enter an order directing the defendant to pay to her attorneys the sum of $750 as her reasonable and necessary temporary attorney's fee herein, and also asked for court costs, $300 a month temporary alimony, and other relief. The trial court entered an order accordingly and thereafter defendant filed his motion to modify said order for temporary attorney's fee. Upon a hearing on this motion plaintiff's attorneys produced a witness who testified to the reasonableness of the temporary fee allowed by the court and defendant produced no witnesses in rebuttal. The trial court overruled the motion to modify the attorney's fee, and defendant appeals.

Defendant first contends that the order made by the court was a judgment in favor of the attorneys, who were not parties to the action, and that it is therefore void, citing Pennell v. Superior Court, 87 Cal. App. 375, 262 P. 48; Sharon v. Sharon, 75 Cal. 1, 16 P. 345, and Brown v. Brown, 39 Ariz. 542, 8 P. 2d 452. Examination of these cases discloses that the trial court in each case rendered a judgment directly in favor of the attorneys and the appellate court held that such judgment was void, and that the allowance must be made to the wife for the benefit of the attorneys.

Our statute, 12 O.S. 1951 §1276, provides that after a petition has been filed in an action for divorce or alimony, or for alimony alone, the trial court may make orders for the control of children or the support of the husband or wife during the pendency of the action and then provides:

"* * * and may also make such order relative to the expense of the suit as will insure an efficient preparation of the case; * * *"

In the instant case the court made the order for temporary attorney's fees as he was empowered to do by said statute. That part of his order referring to attorney's fees and court costs reads as follows:

"It is further ordered by the Court that said defendant, C. W. Burr, pay to plaintiff's attorneys, Miskovsky and Miskovsky on or before September 8, 1950, the sum of $750.00 as and for plaintiff's reasonable and necessary temporary attorneys' fee herein, and that said defendant, C. W. Burr, also pay into the office of the Clerk of this Court, on or before September 8, 1950, the sum of $10.00 as and for plaintiff's reasonable and necessary temporary court costs incident hereto;"

It clearly appears, we think, that this allowance was in fact made to the plaintiff as her reasonable and necessary temporary attorney's fees, but that the trial court directed that payment be made to the attorneys direct as requested in her petition instead of having it made to her and letting her pay it to her attorneys. The order was not such a judgment in favor of the attorneys as to be void under the decisions above cited.

Defendant also contends that the fee allowed was excessive. Plaintiff produced a witness, a reputable attorney in Oklahoma City, who, after hearing the amount of work done by the plaintiff's attorneys in the matter, testified that the sum was, in his judgment, reasonable, and defendant produced no evidence to the contrary. The trial court held the amount reasonable and refused to modify the order. The matter was one which by the statute was confided to the sound judicial discretion of the trial court, and there is nothing in the record to indicate that his action was arbitrary, unreasonable or an abuse of discretion.

Affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH and CORN, JJ., concur. GIBSON, JOHNSON, and O'NEAL, JJ., dissent.