## OWENS v. OWENS.

No. 34752.

Supreme Court of Oklahoma.

Oct. 27, 1953.

Rehearing Denied Dec. 8, 1953.

O. C. Essman, Tulsa, for plaintiff in error.

H. L. Smith and Remington Rogers, Tulsa, for defendant in error.

PER CURIAM.

The question here has to do with the validity of that portion of the judgment in a divorce case which allowed attorneys fees against the husband after granting a divorce and alimony and child support and child custody.

It is contended that the attorneys fee allowance is void on account of the manner in which it was stated in the judgment. It referred to the item of attorneys fees as follows:

"The court further finds that beginning on June 4, 1943, and extending down to and including the present date the defendant Esther Webb Owens, has had the services in this proceeding and in related proceedings in the Supreme Court of Oklahoma of H. L. Smith as attorney and that beginning on approximately February 5, 1945, the defendant has had the services of Guy S. Manatt as associate attorney assisting the said H. L. Smith in this court; and the court finds that for the services of said counsel for the defendant, the plaintiff O. O. Owens, should make payment of the sum of $2,000.00 and that said amount should include the $200.00 required of the plaintiff for the said H.

L. Smith in the aforesaid order of this court entered on July 23, 1943.

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, O. O. Owens, pay to said attorneys on or before March 1, 1945, the said sum of $2,000.00 and that the plaintiff also pay the costs of this action."

It appears that plaintiff paid $200 of the said attorneys fees through the court clerk's office and some time later an execution was issued for the balance of $1,800, with interest, resulting in this proceeding.

Plaintiff filed a motion to quash the execution attacking the form of the attorneys fees allowance. Thereupon, after application and hearing, the court granted a nunc pro tunc order correcting the judgment so that as to the attorneys fees item it should read as a judgment "against the plaintiff O. O. Owens and in favor of the defendant Esther Webb Owens, for the use and benefit of defendant's attorneys H. L. Smith and Guy S. Manatt."

Plaintiff continues in his contention that the judgment was void as to the attorneys fees allowance, and prosecutes this appeal from the overruling of his motion to quash execution on that ground.

Plaintiff contends that the judgment for attorneys fees as stated in the original judgment, or as stated in the nunc pro tunc order is void as being a judgment in favor of persons not parties to the action, and contends that any order directing payment to the attorneys is void.

Plaintiff contends that the nunc pro tunc order is not supported by sufficient evidence, and also contends that the judgment as purportedly corrected by the nunc pro tunc order is still invalid, and therefore in effect contends that the nunc pro tunc order made no material or substantial change in the judgment as originally entered. We need not consider these contentions as to the nunc pro tunc order because we find the whole matter may be disposed of upon our consideration of the attorneys fees allowance as made and set out in the original judgment.

In urging that the judgment was void plaintiff places prime reliance upon the decision of this court in Kennedy v. Chadwell, 202 Okl. 491, 215 P.2d 548. That case is not in point because we were there considering the validity of a judgment rendered in California. We of course tested it by the California law. The highest court in that State had taken the view that a requirement of payment direct to attorneys was wholly void, so we applied the California law, and since the judgment was void in Califorina, where it was rendered, it could not be enforced here.

This court has never held that an attorney's fee allowance in a divorce case was void if ordered to be paid direct to the attorney. We have always taken a view contrary to California, because we have held that the attorneys for the wife in a divorce case have a personal interest in the allowance of attorneys fees to the extent that the attorneys may in their own name enforce the payment of the same to themselves and for their own private benefit, though the wife does not participate in such proceedings with the attorneys, and though the wife might in fact be anagonistic to such enforcement by the attorneys. See Smith v. Smith, 169 Okl. 305, 36 P.2d 886, Kelly v. Maupin, 177 Okl. 44, 58 P.2d 116, and Statser v. Statser, 205 Okl. 608, 239 P. 2d 764.

This court has, over many years, recognized the validity of allowances of attorneys fees in divorce cases when the language used by the Judge and written in the journal entry named the attorneys in various ways, and in some cases where it referred to them, but did not name them. See Stumpf v. Stumpf, 173 Okl. 1, 46 P.2d 315.

In Kelly v. Maupin, 177 Okl. 44, 58 P.2d 116, the court made a temporary order directing the defendant to pay $1,500 as temporary attorney's fee. Soon thereafter the original divorce parties, Mr. and Mrs. Kelly, adjusted their differences and Mrs. Kelly filed a dismissal of her divorce action. Thereafter Mr. Maupin, attorney for Mrs. Kelly, sought *in his own name* to have the defendant Mr. Kelly cited for contempt for failure to obey the original attorney's fee order. The defendant appeared and sought

to defeat the attorney's application on the ground, among others, that the action had theretofore been dismissed, and that Mr. Maupin was not a party to the litigation, and therefore could not seek relief in the action. The trial court held that Mr. Maupin "had a real interest in the controversy to the extent of the attorney's fee allowance and therefore had a right to seek an enforcement of the order." The trial court, however, decided that the attorney's fee should be reduced to $750. The previous order was therefore modified to that extent and the defendant was directed to pay that sum.

The defendant Mr. Kelly appealed and reasserted, in substance, the contentions made before the trial court. This court affirmed, pointing out that the attorney acquired a right in the attorney's fee allowance, and commenting on the effort to dismiss without consulting the attorney. This court there cited decisions from this and other courts sustaining the affirmance of the trial court.

(Emphasis given certain words here, and hereafter in this opinion is supplied by us.)

In Sherry v. Rowe, 181 Okl. 119, 73 P.2d 134, we had this situation: After the plaintiff in a divorce action, the wife, had dismissed the action, her attorney sought and obtained an order against the husband for an attorney's fee *to be paid to him* by the husband. We held that order to be void, not because it was made direct to the attorney, but because the order was made after the action had been fully terminated by effective dismissal thereof.

In French v. French, 188 Okl. 430, 110 P. 2d 286, the wife filed suit against her husband and on the same day the court granted a temporary order requiring the husband to pay "to said plaintiff the sum of $110.00 within five days of this date *for her attorney's fee* and expenses in prosecuting this suit", and a few days later the parties became reconciled and the plaintiff filed written dismissal of her action and paid the court costs. About two months later her attorney in the divorce action, Ernest F. Jenkins, filed his application and obtained an order requiring the defendant husband to pay to him, the attorney, a fee of $110. There we followed the rule of Sherry v. Rowe, supra, and held the order void, not because it was made direct to the attorney, but because it was a new order made after full termination of the action by dismissal thereof.

In the French case it was contended that the original temporary order was in effect made to Mr. Jenkins who was then the attorney for Mrs. French, or was made for his express benefit. The adverse contention was not that the order would have been void if so made, but that the original temporary order did not name Mr. Jenkins, and did not make the allowance directly to him or for his benefit.

Our decision and the language used in our opinion in Mabry v. Baird, 203 Okl. 212, 219 P.2d 234, 235, might well be considered as determinative of this case. In the Mabry case the wife filed suit for divorce and at the close of the trial on April 7, 1947, the court pronounced judgment granting plaintiff a divorce, dividing property and continuing the matter of attorney's fee for a further hearing. This court held in paragraph 1 of the syllabus as follows:

"A judgment is rendered, within the meaning of the law, at the time it is pronounced by the court, and is final, valid and enforceable as between the parties from that date, without formal entry."

The pronouncement of the court as to division of property referred to numerous items of property and the attorney or parties were not able to agree upon a journal entry. For that reason on May 3, 1947, plaintiff filed her application for the court to clarify and make its decree more specific as to certain items of property. Pending hearing on this application, the defendant husband died on May 7, 1947, and revivor was had in the name of the husband's administrator. Thereafter there were conflicting contentions as to whether the court had rendered any judgment on April 7th, and upon various motions and amended applications the matter was further heard by the court. On June 5, the court decreed

specific division of property between the parties and our opinion states as follows:

"* * * In this judgment the court also undertook to divide the additional properties about which no testimony had been offered, and the disposition of which had not been considered by the court on April 7th, and also fixed the amount of the attorneys fees *to be awarded plaintiff's attorneys* out of the estate of defendant. * *"

This court reversed that judgment in various particulars, but found no fault with the allowance of attorneys fees to *plaintiff's attorneys*. The complete language of the opinion as to attorneys fees is interesting and demonstrates that an allowance even though it is made to plaintiff's attorneys is not void. Our opinion in the Mabry case recites as follows:

"Plaintiff also contends that the allowance of attorneys fees in the order nunc pro tunc, and the failure of the trial court to include such attorneys fees in the first judgment, showed that the trial court understood that the first judgment was not a final judgment, but was interlocutory only. We do not agree with this contention.

"It is true that in Friedman v. Friedman, 132 Okl. 45, 269 P. 257, we held that only one judgment could be rendered in an action, and that if the court, upon rendering judgment in a suit for divorce and the adjustment of property rights, continued the matter for the fixing of attorneys fees, that it could have supplemented its main judgment by vacating it and then rendering judgment to include counsel fees *to be awarded plaintiff's attorney.*

"The facts in the instant case, however, and the conduct of the parties, distinguish this case from the situation in the Friedman case. In the instant case there was no issue as between the parties over the question of attorneys fees. The only reference to attorneys fees in plaintiff's petition was in the prayer thereof, and we have often held that in the making of issues to be determined by the court the prayer constitutes no part of the petition. Harmon v. Hines, 160 Okl. 120, 16 P.2d 94; Fraley v. Wilkinson, 79 Okl. 21, 191 P. 156. Plaintiff recognized that the question of attorneys fees was not an issue in the case by including the amendment to her petition, filed after the death of defendant, an allegation that she was entitled to a reasonable attorneys fee to be paid by defendant. From the record it appears that no objection was made by either party to the action of the trial court in passing the matter to be considered at a later date, and that when the administrator of defendant's estate filed his petition for revivor, he stated that the court had not fixed and determined a reasonable attorneys fee for *plaintiff's attorneys,* and that he made the application, among other purposes, for the purpose of having the court fix and determine a *reasonable fee for plaintiff's attorneys* in said action. When the matter was taken up by the trial court defendant did not oppose the fixing of the fee by the trial court, but consented thereto and offered no evidence to controvert the testimony of the witnesses produced by attorneys for plaintiff to testify as to the value of their services. Neither party objected or excepted to the action of the trial court in fixing the attorneys fees, and neither party on this appeal questions the right of the court to determine said attorneys fees or the amount fixed by the court. Thus, it appears that in the instant case there was no contest over the fact that defendant *should pay plaintiff's attorneys* a reasonable fee, and all the parties submitted the question to the trial court and accepted its determination. Under these circumstances we think the error of the trial court, if any, in determining the attorneys fees separate and apart from the judgment previously rendered, was harmless and was waived by the parties, and that the decision on the question of attorneys fees is binding upon the parties, although the

court did not vacate the original judgment and re-render a judgment which included the attorneys fees."

And the final paragraph of our opinion in the Mabry case is as follows:

"The judgment of the trial court is reversed, with directions to embody in an order or journal entry nunc pro tunc a judgment specifically dividing the property of the parties as it was divided by its original judgment of April 7, 1947, and allowing the *attorneys for plaintiff* the fee fixed by it at the hearing on the matter of attorneys fees held by it on June 5, 1947, and for such other proceedings, if any are necessary, to correctly and completely record the judgment of April 7, 1947."

In that case there was one dissenting Justice, and he wrote a dissenting opinion, but he found no objection to the allowance of attorneys fees to the attorneys for plaintiff. He dissented to certain parts of the decision, but only to the reversing or modifying portions thereof, and stated that "The action of the trial court should have been affirmed in toto", thus specifically approving the allowance made on June 5th "of the attorneys fees *to be awarded plaintiff's attorneys* out of the estate of defendant."

In Lawrence v. Lawrence, 207 Okl. 240, 249 P.2d 731, we held as follows:

"In a proceeding under the provisions of 12 O.S.1951 § 1031, to modify a judgment for divorce and alimony by granting plaintiff an additional sum as alimony, evidence examined and held, that the judgment of the trial court awarding plaintiff an additional sum as alimony and providing for the payment by defendant *of attorney's fees for her attorneys,* is not clearly against the weight of the evidence nor contrary to law."

The latest expression of this court seems to be directly in point as we held in Burr v. Burr, 207 Okl. 357, 249 P.2d 722, as follows:

"Record examined and held: that the order of the trial court directing the payment to *plaintiff's attorneys* of

a sum of money 'as and for plaintiff's reasonable and necessary temporary attorney's fee herein' was not void as a judgment in favor of persons not parties to the action; held, further, that the holding of the trial court that the amount of the fee was reasonable and not excessive, and its denial of defendant's motion to modify the order by reducing the fee, was not arbitrary or an abuse of discretion."

In that case the judgment or order of the trial court reads as follows:

"It is further ordered by the court that said defendant, C. W. Burr, *pay to plaintiff's attorneys, Miskovsky and Miskovsky* on or before September 8, 1950, the sum of $750.00 as and for plaintiff's reasonable and necessary temporary attorneys' fee herein, and that said defendant, C. W. Burr, also pay into the office of the Clerk of this Court, on or before September 8, 1950, the sum of $10.00 as and for plaintiff's reasonable and necessary temporary court costs incident hereto."

And on appeal that order was upheld in full.

In Reding v. Reding, 206 Okl. 565, 245 P.2d 1128, 1129, we affirmed divorce judgment which awarded alimony to the wife, and we referred to the trial court judgment in these words:

"* * * The net amount of $2,922 was therefore ordered paid in monthly installments of $75 per month, together with an attorneys fee of $150 *for defendant's attorney.*"

In Statser v. Statser, 205 Okl. 608, 239 P.2d 764, plaintiff wife sued for divorce, child custody, division of property etc. Later the parties became reconciled. Thereafter the attorney filed application for the allowance of an attorney's fee direct to the attorney, and the court granted an ex parte order directing the defendant to pay *to plaintiff's attorney* a fee of $500. Thereafter, on defendant's motion to vacate, the court denied application to vacate, but modified the amount to $250 and ordered payment of that amount by defendant husband. This court affirmed.

In Carter v. Carter, 204 Okl. 120, 227 P. 2d 651, the trial court's judgment required the plaintiff husband to pay $100 attorney's fee *to the wife's attorneys* and that was affirmed.

In Kelley v. Kelley, 206 Okl. 188, 242 P. 2d 439, 441, the court awarded plaintiff an attorney's fee of $300 "for her attorneys," (but not naming them).

Thus it is observed that this court has considered cases in which many and varied expressions were used by the court in making an attorney's fee allowance against the husband.

There were cases where the allowance was made specifically in payment for the wife's attorneys fees, but not naming the attorneys. Lawrence v. Lawrence, Reding v. Reding, and Kelley v. Kelley, supra.

The allowance was made payable to the clerk for attorneys fees, naming the attorneys. See Kelly v. Maupin, supra.

There were cases where the attorneys fee allowance was made to the attorneys, but not naming them in the order. See Smith v. Smith, and Carter v. Carter, supra.

There were several cases where the allowance was made to the wife's attorney direct and by name. Stumpf v. Stumpf, Sherry v. Rowe, French v. French, Mabry v. Baird, Burr v. Burr, and Statser v. Statser, supra.

In view of this well defined and well established policy in Oklahoma it is of but scant importance whether we uphold the order made in the subsequent proceedings, or uphold the original trial order when this fee allowance was first ordered and made. Either way the plaintiff, husband, should pay the award made.

If there was any error in the verbiage of the first order it was an irregularity only. It could have been corrected in drafting and approving the journal entry if either party had thought it of sufficient importance.

The fact remains that the original trial judge intended to make, and did make an attorneys fee allowance against the husband. Every one understood it and no one questioned the fairness of the amount or the authority of the court to make such an allowance against the husband. There was acquiescence in the order and compliance with it to the extent of paying $200 thereof, and the balance should be paid as ordered by the court.

The plaintiff contends the order was void on account of the use of the names of the attorneys in the manner they were used in the journal entry. But to sustain that contention we must depart from the policy employed in many former cases and over a long period of years. It is not pointed out that any harm or evil has resulted from the application of this policy in any one of the many former cases, nor that harm or injury will result from its application in this case.

Our policy authorizes attorneys in their own names to enforce attorneys fee awards in proper cases, as above cited, on the theory that they have individual or vested interests therein. Then of course it is logical to uphold orders which refer to them or name them as we have done in several above cited cases.

We conclude the plaintiff was not entitled to have the execution quashed. The court properly denied his motion to quash.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

O'NEAL, J., dissents.