Richard L. HANSKA, Plaintiff in Error,

v.

Angela E. HANSKA, Defendant in Error.

No. 40602.

Supreme Court of Oklahoma.

Sept. 29, 1964.

Sizemore & Sanford, by Lawrence E. Sizemore, Oklahoma City, for plaintiff in error.

E. William Brown, Hal S. Whitten, Jr., Oklahoma City, for defendant in error.

PER CURIAM.

This is an appeal on the original record by Richard L. Hanska (plaintiff below) from an order made in a divorce case directing him to pay an attorney fee.

The circumstances are that the defendant in the divorce action, Angela E. Hanska, was represented by E. William Brown and that in the divorce decree Hanska was ordered to pay an attorney fee of $100 for the benefit of Brown, payable into the court clerk's office in 10 equal monthly installments. Hanska did not make any of the payments. Brown engaged Hal S. Whitten, Jr., to act as his attorney, and on the application of Brown an order was issued

whereby Hanska was cited for contempt for failure to pay the $100 attorney fee. Hanska paid the $100 to the court clerk prior to the hearing date and so advised the court at the hearing on the citation. Brown and Whitten, Jr., then made oral request for an attorney fee and the court ordered Hanska to pay them an additional attorneys' fee of $25. Hanska appeals to this court from said order.

Hanska contends that Brown, as attorney for the defendant, was not a party to the action and therefore was without right to prosecute the contempt citation for failure to pay the original $100 attorney fee.

Hanska cites Rogers v. Daniel, 92 Okl. 47, 217 P. 881, in support of his contention. The case is not in point. In that case the attorneys for the wife were suing the husband for their services to the wife in the divorce action, after she had dismissed the suit, and with no order for fees having been made in favor of the attorneys. The conclusion that the attorneys could not recover against the husband was based in part on the absence of any order in the divorce case allowing them an attorney fee.

In Kelly v. Maupin, 177 Okl. 44, 58 P.2d 116, 118, we distinguished the Rogers case. Therein an order had been made requiring the defendant husband to pay an attorney's fee for plaintiff's counsel, John Maupin. The fee was not paid and Maupin, in his own name, cited the defendant for contempt. Defendant urged inter alia that Maupin had no right to seek the enforcement of the order. We denied this contention and stated:

"A valid court order directing the payment of an attorney's fee by one of the parties to a divorce action creates an enforceable legal obligation to pay the same. * * *

"An attorney for whose benefit an order has been made directing the payment of attorney's fee in connection with a divorce action has sufficient interest in the matter to seek the enforcement of such order."

See also Groenewold v. Groenewold, 193 Okl. 324, 144 P.2d 965; Burr v. Burr, 207 Okl. 357, 249 P.2d 722; and Owens v. Owens, Okl., 264 P.2d 341, 342, 346.

 It is our conclusion that in the instant case the attorney, Brown, had the right and could enforce the payment of the original attorney fee ordered paid for his benefit.

Hanska also contends that the lower court had no authority to order him to pay Brown and Brown's attorney, Whitten, Jr., the additional $25 attorney fee. As stated above, this order was made in connection with the proceeding for citation of Hanska for failure to pay the original $100 attorney fee. No authorities directly in point on this proposition are cited by either side.

It appears from the arguments in the briefs that the order for the additional attorney fee was based on the provisions of 12 O.S.1961 § 1276. This section provides inter alia that after the petition for divorce has been filed the court may make certain orders including:

"* * * and may also make such order relative to the expenses of the suit as will insure an efficient preparation of the case; and on granting a divorce in favor of the wife or refusing one on the application of the husband, the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper, considering the respective parties and the means and property of each."

Brown, Whitten, Jr., and the $25 additional fee are not within any of the above provisions. The allowance was not an expense of the preparation of the case or the prosecution and defense of the action. The divorce suit had been concluded by a final decree of divorce. Also Brown and Whitten, Jr., were not parties to the suit. It therefore appears that the cited statute is no authority for allowance of the additional attorney fee.

In Pierson v. American National Bank of Shawnee, Okl., 325 P.2d 426, we stated that, as a general rule, attorney's fees are not recoverable in the absence of statute or specific contractual authority.

The principle of law underlying the statement in Globe & Republic Ins. Co. v. Independent Trucking Co., Okl., 387 P.2d 644, is also applicable, wherein this court held as follows:

"The right to recover attorney's fee from one's opponent in litigation as a part of the costs thereof does not exist at common law. Such allowances in the absence of statute or some agreement expressly authorizing the same, cannot be sustained."

It is our conclusion that the lower court had no authority to allow the additional attorney fee.

The order is reversed and vacated.

BLACKBIRD, C. J., HALLEY, V. C. J.; and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.